UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO; and
CHRISTOPHER PAYTON, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY; and
PEOPLE'S REPUBLIC OF CHINA,

CASE NO. 9:20-cv-80604-RKA
CLASS ACTION
JURY TRIAL DEMANDED

Defendants.
_____/

## MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE ON DEFENDANTS

Plaintiffs, by and through undersigned counsel, hereby respectfully move this Court for an Order extending the time to comply with the Court's Order to perfect service on Defendants. [DE 14]. Plaintiffs assert that good cause for this extension exists, and further state:

1.   This matter was filed April 8, 2020. Defendant, The People's Republic of China (PRC), is a foreign sovereign. Plaintiff's allege that the Chinese Communist Party (CCP) is not a sovereign, but rather a separate organization that is above the PRC in terms of function. Nevertheless, each Defendant is an entity in China and, pursuant to the federal rules, service must proceed in accord with Fed.R.Civ.P. 4(f) and 4(j)(1) (and by extension, 28 U.S.C. § 1608).

2.      On June 12, 2020, this Court, citing Rule 4(m), entered an order requiring Plaintiffs to perfect service on Defendants by July 7, 2020, to conform to Rule 4(m)'s mandated ninety-day service window from the date of filing the Complaint.

3.      As more fully set forth below, Plaintiffs posit that good cause is shown for an extension of time, and Plaintiffs assure the Court that they have been working diligently to determine the best path for perfecting service in China. Plaintiffs have also been working diligently on an amended complaint that will be filed by July 7, 2020. Moreover, Plaintiffs respectfully posit that Rule 4(m) expressly allows an exception to the ninety-day mandate when service must be perfected in a foreign state and on a foreign sovereign.

***Service in a foreign country and on a foreign sovereign.***

4.      The PRC is being sued under exceptions to sovereign immunity pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA") and specifically 28 U.S.C. § 1605(a). Service on such sovereigns requires following the protocols of the Hague Convention on Service of Process and subsequently the U.S. State Department if required. These protocols entail obtaining certified translations of the Complaint into official Chinese; proper accompanying paperwork and translated forms; a different summons than that used normally in federal court; certified deliveries on a specified receiving office in Beijing, China; and payment of substantial service and translations fees. Under the Hague Convention, it is the responsibility of the office in Beijing to provide returns of service, and they have at least sixty (60) days to reply.

5.     Although Plaintiffs allege the CCP is not a sovereign, service on the CPP requires the same Hague Convention process, except that they will have twenty-one (21) days to reply.

6.     Service on any entity in China is notoriously difficult, and there are no particular guideposts or manuals for service on its sovereign entities. Despite being a signatory to the Hague Convention, it is understood that they purposely "hide the ball" and the proverbial "secret sauce" in order to avoid service, and that their process fluctuates with the ever changing political climate.

7.     Undersigned has been working diligently since mid-April to find a competent international service vendor and knowledgeable Chinese ex-pats from Beijing who could provide insight, and to lay the groundwork for service. This work has coincided with undersigned's companion case in the Court's Miami division that alleges classes for more general damages against these and other Chinese entities related to the pandemic, but not specifically PPE. That case was filed March 12, 2020, and substantially amended on May 4, 2020.

8.     Judge Ungaro granted an extension of time to initiate and complete service because of the foreign service requirements and complexity, and Plaintiffs are making a similar request here. [Case No. 20-cv-21108, DE 10].

9.     Judge Ungaro also ordered, and undersigned has filed status reports in that case every fifteen days to apprise the Court of the progress towards service. [Case No. 20-cv-21108, DE's 17, 30, 39, and 57].[1]

---

[1] Undersigned is happy to provide similar status updates to this Court if the Court determines that it would benefit from same.

10. The result of all the effort is that service packets for the Miami case were tendered to Federal Express this past Monday for delivery to Beijing. But, as an example of how this process has many potential pitfalls, as of today our service packets are sitting in a Federal Express warehouse, because the official receiving office in Beijing has not been publishing their open hours (or keeping regular hours), and the delivery must be timed perfectly or risk the package being lost or destroyed.[2] The service vendor must constantly monitor the situation and trigger the delivery at the best opportunity.

11. Plaintiffs initially anticipated starting service for this case in May as well, but as undersigned worked through each of the service hurdles, it was thought best to try and perfect the process as much as possible to avoid costly missteps here.

12. However, the long process of finding the right path for service in the companion case is a benefit to this case, in that undersigned have now been able to find official addresses, perfect the proper summonses and forms, and do have a competent service vendor. That will enable a smoother and more efficient service process here.

***The need for an amended complaint, additional defendants, and additional causes of action.***

13. Plaintiffs also realized that due to the unfolding nature of this pandemic and its effects, that an amended complaint was necessary. Undersigned has been investigating and receiving new and material information affecting the identity of proper Defendants, the allegations, and the causes of action, as more fully set forth below.

---

[2] Undersigned believes that, of the several similar class actions that have been filed in other jurisdictions around the same time, including the case filed by the State of Missouri, only the Miami case has been able to get this far in the service process.

14. Moreover, the pandemic's ongoing general disruption of daily life has slowed down the process of usually routine activities.[3]

15. Apart from the particular issue of foreign service, since filing the Complaint, Plaintiffs and undersigned counsel have been provided and discovered new and material information about the origins of the virus; how the outbreak of the virus affected conduct around the hoarding of PPE; and which entities in China *and businesses here in the United States* may have played a part in the allegations of the Complaint.

16. This information impacts who should be identified as Defendants in the Complaint, and Plaintiffs expect to add Defendants based in the U.S. that acted on behalf of or in concert with the CCP and the PRC.

17. The amended Complaint will more fully develop the exceptions to the FSIA for the PRC, further develop how the CCP is not a sovereign, and provide a basis for bringing the allegations and wrongdoing more firmly to our soil.

18. The causes of action will also expand beyond those sounding in tort because of the particular wrongdoing perpetuated here in the U.S.

19. The foregoing, taken together, will be made part of a First Amended Complaint, which Plaintiffs will file on or before July 7, 2020, and which undersigned is currently diligently working on. Plaintiffs are still within their window to file an amended

---

[3] Undersigned is also lead counsel in *Coffie, et al. v. Florida Crystals Corp., et al.*, Case No. 19-cv-80730. In that also complex class action, Judge Smith ruled on the defendants' motion to dismiss on May 8, 2020, and granted (over opposition from defendants) an extension to June 22, 2020 to file an amended complaint, because undersigned needed to work with an air modeling expert in Texas and reconstruct data for tens of thousands of field burn events over a five year period to demonstrate the standing of the plaintiffs. That amended complaint was over 140 pages long and added to the general press of firm business during this time frame.

complaint as a matter of course, pursuant to Fed.R.Civ.P. 15, as the Complaint is unserved and no responses have been filed.

20.     In the interest of judicial economy and conservation of judicial labor (as to having a more developed complaint with proper parties), Plaintiffs respectfully request an extension of time for service in this matter.  Moreover, because of the substantial costs in translating the Complaint into Official Chinese, Plaintiffs have been trying to avoid duplicative and costly missteps.

21.     Upon filing the First Amended Complaint, Plaintiffs will immediately institute service of process. Although foreign process takes longer than conventional service of process, Plaintiffs believe there is good chance Defendants will respond because of the worldwide spotlight on their conduct.[4]

***Rule 4(m) provides an exception for service in a foreign country.***

22.     Rule 4(m) mandates service within ninety days, but also allows for an extension of time where good cause is shown.  Fed.R.Civ.P. 4(m).  However, the Rule also expressly provides that its time limit does not apply to service in a foreign state under Rule 4(f), or service on a foreign state under Rule 4(j)(1).  *See* Fed.R.Civ.P. 4(m).  Both Rule 4(f) and 4(j)(1) apply here.

23.     Plaintiffs will be adding U.S. based entities in its First Amended Complaint and will serve them well within the confines of Rule 4(m).  As to the Court's Order to

---

[4] Plaintiffs are requesting ninety days, however the service vendor has advised that the time frame may be longer because of China's past conduct with service.  Still, service is being initiated immediately after the First Amended Complaint is filed and Plaintiffs are hopeful that Beijing will have an interest in defending this matter. Moreover, the case should be still be able to proceed against the soon to be added U.S. entities.

complete service by July 7, 2020 on the present Defendants, Plaintiffs respectfully posit that Rule 4(m) allows the service deadline to adapt to the complexities of foreign service.

24.  For all of the foregoing reasons, Plaintiffs respectfully request an extension of time of ninety (90) days from the filing of the First Amended Complaint, up to and including October 5, 2020, to perfect service against the PRC and the CCP, with the understanding that Plaintiffs will immediately start the process of translations and paperwork once the First Amended Complaint is filed.

25.  Plaintiffs make this Motion in good faith and not for the purposes of delay, and posit that neither the Court nor the Parties shall be prejudiced by the grant of the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that the Court grant an extension of time request an extension of time of ninety (90) days from the filing of the First Amended Complaint, up to and including October 5, 2020, and for such other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of July, 2020.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

Vincent J. Duffy, Esq.
Fla. Bar No. 82151

CASE NO. 9:20-cv-80604-RKA

Primary: service@thebermanlawgroup.com
Secondary: vduffy@thebermanlawgroup.com