**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;                    CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;                        CLASS ACTION
MARIANGELLA MANNING;                   JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

## MOTION FOR RECONSIDERATION

Plaintiffs hereby respectfully move the Court to reconsider certain aspects of its July 6, 2020 Order on Plaintiffs' motion for an extension of time to serve the China-based Defendants, [DE 18], and in support thereof further state:

1.      Plaintiffs requested an extension of time to serve the China based Defendants for a variety of reasons, including delays caused by the current pandemic; the process of finding the correct service vendor and service addresses; the need to amend the complaint (which has to be translated); and general roadblocks to serving within China.

2.     The Court's July 6, 2020 Order granted the requested ninety-day extension of time to serve Defendants, and further ordered that:

> Plaintiff shall perfect service on Defendants and file proof of service with the Court no later than October 5, 2020.  Failure to serve the Defendants by that date will result in dismissal without further notice.  [DE 18].

3.     Plaintiffs respectfully request that the Court reconsider its Order such that it state failure to serve Defendants by the date "*may*" result in dismissal, and further request that it not be without further notice, due to the difficulties with service in or on China beyond undersigned's control.

4.     Plaintiffs also respectfully request that the Court take notice of the Foreign Sovereign Immunity Act (FSIA) service statute, the Hague Convention Treaty, and the protocols required by the U.S. Department of State, which all contemplate significant time for service to be perfected on or in a foreign state, as more fully discussed below.

5.     The Court granted leave, and Plaintiffs filed their First Amended Complaint on July 7, 2020. [DE 19].  Proposed summons have been filed with the Court, [DE 22], and Plaintiffs are waiting for them to issue, so that preparation for service via the Hague Convention on the PRC and CCP may begin.  Plaintiffs have submitted the First Amended Complaint to the service vendor for its translation into Official Chinese.[1]  The new U.S. based Defendant, PetroChina International (America), Inc., will be served immediately.

---

[1] Plaintiffs are using the road map that was developed by undersigned for the companion COVID case pending before Judge Ungaro in Miami.  Despite the diligent efforts of undersigned and its service vendor, it took three weeks for the service package delivery by Federal Express to be coordinated with the receiving office in Beijing, because that office has only recently reopened after the pandemic.

6.     Plaintiffs appreciate the Court's frustration with the requested ninety-day extension of time, as well as Plaintiffs' reference in the motion to the fact that it may take even longer to serve the PRC and CCP.   Plaintiffs assure the Court that it is frustrating for them as well, and that they are working diligently to clear the service hurdles as efficiently as can be done.

7.     Plaintiffs' service vendor, Judicial Process and Support, Inc., of Miami, is one of a handful of service companies in the U.S. that specialize in service to China. Their president, Maria Gutierrez, has years of direct, personal knowledge, as well as contact with the *one* office in China (Beijing) that receives foreign process for all of China.  It is staffed by *one* person.   Ms. Gutierrez has confirmed to undersigned that the Beijing office was closed for most of the pandemic, and now has a backlog.

8.     Ms. Gutierrez further confirmed that while in some circumstances they may receive a return of service sooner, it often takes more than six months.  This is reflected in the standard affidavit they prepare for plaintiffs to provide to a court when advising courts of status of service on China.  (*See* Affidavit of Judicial Process and Support, ¶ 4, attached as **Exhibit A**).[2]

9.     Ms. Gutierrez further explained that they have raised China's indifferent stance to service to the State Department, but there is little that can be done.  In short, despite signing on to international protocols, China does as it pleases.

10.     Moreover, the FSIA, applicable to the PRC, as well as the Hague Convention Treaty, applicable to the PRC and the Communist Party of China (CCP), contemplate the time-consuming nature of service in and on a foreign country.

---

[2] This Affidavit was prepared for the companion case pending before Judge Ungaro.

CASE NO. 9:20-cv-80604-RKA

11.     The FSIA provides for service of process on a foreign state in a *four-step*

hierarchal manner.  28 U.S.C. § 1608(a). One step must be exhausted or inapplicable

before the next step can be taken.

    a.  The first step is service if there is a "special agreement between the

       plaintiff and foreign state."  § 1608(a)(1). This is akin to a defendant's

       counsel agreeing to accept service, which is not present here.

    b.  The second step is service "as prescribed in an applicable international

       agreement." § 1608 (a)(2).  This is the step Plaintiffs are on — service

       via the Hague Convention.  The FSIA requires a sixty-day response

       window in the summons.  § 1608(d).

    c.  The third step, "via mail from the court clerk to the head of the foreign

       state's Ministry of Foreign Affairs," § 1608(a)(3), is not possible with

       China, because China opposed service by mail when it signed on to

       the Hague Treaty.[3]

    d.  The fourth step is "via the diplomatic channel," or U.S. Department of

       State.  § 1608(a)(4).

12.     The State Department makes it clear that the FSIA:

. . . requires plaintiff to have first attempted service under sections FSIA
1608(a)(1), (2) and (3) before proceeding to section 1608(a)(4). Thus, the
U.S. Department of State requires a statement in writing from the plaintiff
or the clerk certifying that these attempts were made or were otherwise
not applicable.[4]

---

[3] *See* U.S. Department of State, Judicial Assistance Country Information, China,
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
Information/China.html.
[4] *See* U.S. Department of State, FSIA Checklist, https://travel.state.gov/content/travel
/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-
Checklist.html.

13.     If service on the PRC is not successful under the Hague Convention, the State Department requires a waiting period of thirty days for service of mail (which would not be applicable here) and then a new summons providing another sixty days for a response.[5]   The FSIA and the State Department have built in at least five months of time for all four steps of service on a foreign state — not counting any filing, processing, and translating time — when the time allotted on the summonses, and the State Department's protocols are added together.

14.     Indeed, whether it is service on a foreign state, or service on a private person or entity in a foreign state, Article 15 of the Hague Convention does not allow a court in a signatory country to enter a default judgment against such state, person, or entity, "unless a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document."[6]

15.     Courts have recognized the time-consuming process of service in foreign nations, usually in conjunction with recognizing that the usual time for service under Rule 4 does not apply to foreign defendants.   *See*, e.g., *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, 805 F. Supp. 3, 5 (E.D.N.Y. 1992) (citing 4 Wright & Miller, Federal Practice and Procedure § 1133) ("Subdivision 4([m]) was enacted in recognition of the fact that foreign service of process can be very complex and time consuming."); *Pa. Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 61 (E.D. Pa. 1995); *Marolf*

---

[5] *See id.*
[6] 14: Hague Convention of 15 Nov. 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at:* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

*v. AyA Aguirre & Aranzabal S.A.*, No. 4:09-cv-3221, 2010 U.S. Dist. LEXIS 87986 at *5 (D. Neb. Aug. 25, 2010); *Baja Devs. Ltd. Liab. Co. v. TSD Loreto Ptnrs.*, No. CV-09-756-PHX-LOA, 2009 U.S. Dist. LEXIS 83268, at *4 (D. Ariz. Aug. 27, 2009) ("the vagaries of such service [on foreign defendants] render the Rule 4[m] time limit too burdensome on a plaintiff," quoting the Third Cir.); *Flock v. Scripto-Tokai Corp.*, CIV H-00-3794, 2001 U.S. Dist. LEXIS 23881, slip op. at *16 (S.D. Tex. June 25, 2001).

16.     Undersigned remain hopeful that the high-profile nature of this matter, as well as the interest from members of congress in addressing China's conduct and clearing a path to service, will mean that Defendants do respond in a more timely manner.  However, as Ms. Gutierrez would affirm in an affidavit to this Court, China simply does not have a good track record for adhering to the Hague Convention and service attempts.

17.     Moreover, if the China-based Defendants do not respond, Plaintiffs would appreciate the opportunity to pursue their options upon any default.

18.     Plaintiffs will still, of course, provide a status report to the Court on August 3, 2020, and every thirty days thereafter, as mandated by the Court.

19.     Thus, Plaintiffs respectfully request that the Court reconsider its July 6. 2020 Order and amend it to read that:

> Plaintiffs shall perfect service on Defendants and file proof of service with the Court no later than October 5, 2020.  Failure to serve the Defendants by that date may result in dismissal unless Plaintiffs have demonstrated diligence in perfecting service on Defendants.

Or, such other wording as the Court may deem appropriate to the circumstances.

WHEREFORE, Plaintiffs respectfully request that the Court reconsider its Order of July 6, 2020 and amend the Order to reflect that the Court "may" dismiss this action if

CASE NO. 9:20-cv-80604-RKA

service is not perfected by October 5, 2020, and for such other relief as the Court may

deem just and proper.

Respectfully submitted this 16th day of July, 2020.

**THE LAW OFFICES OF
BERMAN & BERMAN, P.A.**
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

Vincent J. Duffy, Esq.
Fla. Bar No. 82151
Primary: service@thebermanlawgroup.com
Secondary: vduffy@thebermanlawgroup.com