UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON, *et al*.,
each on behalf of themselves,
and all those similarly situated,

CASE NO. 9:20-cv-80604-RKA
CLASS ACTION
JURY TRIAL DEMANDED

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

## **PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECTUATE SERVICE**

Plaintiffs, pursuant to the Court's July 6, 2020 Order and August 24, 2020 paperless Order on Plaintiffs' Motion for Reconsideration, [DEs 18, 32], as well as Fed.R.Civ.P. 4(m) and 28 U.S.C. §§ 1608(a), hereby respectfully move this Court for an Order extending the time for Plaintiffs to effectuate service on foreign Defendants the CHINESE COMMUNIST PARTY ("CCP") and the PEOPLE'S REPUBLIC OF CHINA ("PRC"), and in support thereof, further state:

### Procedural Posture

1.  The original Complaint was filed on April 8, 2020, and the First Amended Complaint was filed July 7, 2020.  [DEs 1, 19].  On July 2, 2020, Plaintiffs requested an extension of time on to serve the China based Defendants for a variety of reasons, including delays caused by the pandemic; the process of finding the correct service vendor and service

addresses; the need to amend the complaint (which had to be translated); and general roadblocks to serving within China. [DE 16]. That Motion was granted with an extension through October 5, 2020, but the matter was administratively closed, and the Order cautioned that "[f]ailure to serve the Defendants by that date will result in dismissal without further notice." [DE 16].

2. Plaintiffs subsequently filed a Motion for Reconsideration, requesting that the Court reconsider and modify the statement in the Order to "state failure to serve Defendants by the date 'may' result in dismissal, and further request that it not be without further notice, due to the difficulties with service in or on China beyond undersigned's control." [DE 23, ¶ 3].

3. Although the Court denied the Motion for Reconsideration, the Order did state that Plaintiffs may move for an extension of time to serve the China based Defendants, [DE 32], and this Motion is timely filed pursuant to the October 5, 2020 deadline set in the July 6, 2020 Order.[1]

4. Counsel for Defendant PETROCHINA INTERNATIONAL (AMERICA), INC. ("PCIA") has represented to undersigned that PCIA takes no position as to the relief requested herein.[2]

---

[1] Plaintiffs have further complied with the July 6, 2020 Order by filing status reports every thirty days. [*See* DEs 29, 33, 34].

[2] PCIA has requested that their response to Plaintiffs' operative complaint would be due forty-five (45) days after either service is effectuated over the foreign Defendants or, and to the extent the action is not dismissed in its entirety, the foreign Defendants are dismissed from the action, and Plaintiffs agree to this relief.

CASE NO. 9:20-cv-80604-RKA

**I.     MEMORANDUM OF LAW**

**A. Plaintiffs Have Met the Eleventh Circuit Standard to Excuse Delay in Foreign Service**

***1. Good Cause, Diligence, and Foreign Service***

Pursuant to the Court's Order Setting the Initial Planning and Scheduling Conference, Plaintiffs posit that they have shown good cause as to why service upon Defendants has not been perfected. Even under Fed.R.Civ.P. 4(m)'s ninety day deadline for service *within* the United States, federal courts in Florida have said: "Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the [90] day deadline be extended." *Gambino v. Vill. of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (decided before the time limit for service changed from 120 days to 90). When addressing good cause, it generally exists where some outside factor, rather than negligence or inadvertence, prevented service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Furthermore, in 2005, the Eleventh Circuit joined most federal appellate circuit courts, and held that Rule 4(m) granted discretion to a district court to extend the time for service of process even in the absence of a showing of good cause. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

When it comes to extending the time for service in or on a foreign entity, which is expressly exempt from Rule 4(m)'s 90 day limit, the Eleventh Circuit recently acknowledged that it has never published a decision providing "whether or what time constraints apply to service on foreign defendants," and has adopted the "flexible due diligence" standard, which excuses delay where the plaintiffs are exercising diligence. *See Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015). Indeed, the Southern District of Florida has excused a delay of one year in serving a foreign defendant, recognizing the flexible due diligence standard and that any prejudice to the defendant was outweighed by the prejudice plaintiff would suffer if they

3

were not allowed to pursue their claims. *See Steinberg v. Barclay's Nominees (Branches), Ltd.*, No. 04-cv-60897, 2008 U.S. Dist. LEXIS 123948, at *18–20 (S.D. Fla. Sep. 30, 2008).

Plaintiffs have been diligent in their attempts to effectuate service and will continued to do so, and the issues affecting the delays are outside of their control.

### 2. *The Circumstances Here*[3]

As detailed in the Status Reports and their Motion for Reconsideration, Plaintiffs have worked with their service vendor, Judicial Process and Support, Inc., of Miami ("Judicial Process"), to accomplish service as efficiently as possible. Their president, Maria Gutierrez, has provided a Declaration in support of this Motion, which is attached hereto as **Exhibit A**. Judicial Process is one of a handful of vendors in the U.S. that has ample experience in perfecting service on Chinese entities. Ms. Gutierrez has over twenty years of direct, personal knowledge, as well as contact with the one office in China (Beijing) that receives foreign process for all of China. It is staffed by one person. (Ex. A, ¶ 6).

That office was closed for much of the pandemic, and only opened with sporadic hours in later June. (Ex. A, ¶ 6). As soon as the First Amended Complaint was filed on July 7, 2020, it was submitted to Judicial Process for translation into Official Chinese. The summonses for all Defendants were prepared and submitted to the Court on July 13, 2020. [DE 22]. The Clerk issued the summonses on July 21, 2020, [DEs 24–28], and Judicial Process prepared the necessary service forms and translations of the summonses.[4] (Ex A, ¶ 5).

Because of the sporadic opening hours of the Beijing office, it took time for Judicial Process to coordinate the Federal Express delivery of Plaintiffs' service documents because, in

---

[3] Plaintiffs also reincorporate their filed Status Reports, [DEs 29, 33, and 34], and previous motions for extension of time, and for reconsideration, [DEs 16, 23], as if fully stated herein.
[4] The U.S. based Defendant, PetroChina International (America), Inc., was served on July 31, 2020, and appearances on their behalf were made August 17, 2020. [DEs 30, 31].

their experience, if a package is delivered while the office is closed, it is often deemed lost or destroyed. (Ex. A, ¶¶ 7, 8). They had to monitor the opening hours, and trigger the delivery at the right time, and successful receipt was accomplished on September 11, 2020. (Ex. A, ¶ 9). Ms. Gutierrez affirmed that the length of time between the issuance of the summonses and delivery was "not out of line under current circumstances." (Ex. A, ¶ 10).

Under the best of circumstances, the Foreign Sovereign Immunities Act ("FSIA") gives governmental entities sixty (60) days to respond, so the PRC would have no duty to respond before mid-November, and the CCP[5] would have no obligation to respond for twenty-one (21) days, but even that clock will not start ticking until the paperwork is processed by the compliance office, transmitted to the Chinese Supreme Court and then delivered to each Defendant.[6]

Furthermore, in Ms. Gutierrez's twenty years of experience with China, they often take six months or more to perfect service, although in rarer circumstances, there is a quicker response. (Ex. A, ¶ 13). However, Ms. Gutierrez notes that the current political climate between the countries is not helping the process. (Ex. A, ¶ 12).

---

[5] Plaintiffs maintain and allege that the Communist Party of China (CCP) is not a governmental entity, but under the Hague Convention and Rule 4, they are still afforded more leeway in time to respond as a private entity.

[6] Plaintiffs note that although they were first to file against China over the pandemic, the attorneys general of Missouri and Mississippi, as well as various other parties in different jurisdictions, have filed similar actions. Plaintiffs have reviewed these other dockets, and those other plaintiffs have either not served, or have run into the same roadblocks as Plaintiffs here. No China-based entity has appeared in these suits. *See Missouri ex rel. Schmitt v. People's Republic of China*, No. 1:20-cv-99 (E.D. Mo. Apr. 21, 2020); *Mississippi v. People's Republic of China*, No. 1:20-cv-168 (S.D. Miss. May 12, 2020); *Smith v. People's Republic of China*, No. 2:20-cv-1958 (E.D. Penn. Apr. 20, 2020) (six month extension for service granted Sept. 11, 2020); *Patella v. People's Republic of China*, No. 1:20-cv-433 (M.D. N.C. May 15, 2020); *Edwards v. People's Republic of China*, No. 2:20-cv-1393 (E.D. La. May 8, 2020) (advised by compliance office service can take ten months); *Bella Vista LLC v. People's Republic of China*, No. 2:20-cv-574 (D. Nev. Mar. 23, 2020); *Buzz Photo v. People's Republic of China*, No. 3:20-cv-656 (N.D. Tex. Mar. 17, 2020).

Thus, Plaintiffs respectfully request that the Court extend the time for Plaintiffs to effectuate service to at least March 11, 2021, which, pursuant to Article 15 of the Hague Convention on Service of Process (which governs service here), would be the first date the Court would be allowed to consider an entry of default against the PRC and CCP. (Ex. A, ¶ 15). (A Proposed Order is Attached as **Exhibit B**).

### 3. *The Controlling Foreign Service Scheme Contemplates These Delays*

Jurisdiction regarding the claims against the PRC is governed mainly by the FSIA (28 U.S.C. § 1602, *et. seq*.), and exceptions to sovereign immunity pursuant to the FSIA's sub-sections, such as § 1605 and § 1605B. The FSIA also sets forth service protocols to be followed, depending upon the methods of service available or agreed to by the foreign state. *See* § 1608. Here, service upon the PRC and the CCP is governed by the Hague Convention on Service of Process, because both China and the United States are signatories to the Convention.[7] The Federal Rules of Civil Procedure further set forth the process of service on foreign entities and states. Fed.R.Civ.P. 4(f), 4(j).

The Federal Rules, the FSIA, and the Hague Convention all contemplate and recognize that service on foreign entities may be time consuming. For instance, Rule 4(m) expressly provides that its ninety-day time limit for service does not apply to service in a foreign state under Rule 4(f), or service on a foreign state under Rule 4(j)(1). *See* Fed.R.Civ.P. 4(m). Both Rule 4(f) and 4(j)(1) apply here, to the CCP and PRC, respectively.

The FSIA creates a four-step hierarchal protocol for perfecting service. 28 U.S.C. §§ 1608(a)(1) – (4). One step must be exhausted or inapplicable before the next step can be taken. Steps one (service via a special arrangement; § 1608(a)(1)), and three (via mail on the head of

---

[7] *See* Hague Conference, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

the foreign state's Ministry of Foreign Affairs; § 1608(a)(3)), are not applicable to China.[8] Plaintiffs are attempting step two, service under the treaty. If it were to fail, Plaintiffs may take step four, "via the diplomatic channel," or U.S. Department of State. § 1608(a)(4).

However, the State Department makes it clear that the FSIA:

> . . . requires plaintiff to have first attempted service under sections FSIA 1608(a)(1), (2) and (3) before proceeding to section 1608(a)(4). Thus, the U.S. Department of State requires a statement in writing from the plaintiff or the clerk certifying that these attempts were made or were otherwise not applicable.[9]

If service on the Chinese governmental entities is not successful under the Hague Convention, the State Department requires a waiting period of thirty days for service of mail (which would not be applicable here) and then a new summons providing another sixty days for a response.[10] The FSIA and the State Department have built in at least five months of time for all four steps of service on a foreign state — not counting any filing, processing, and translating time — when the time allotted on the summonses, and the State Department's protocols are added together.

Indeed, whether it is service on a foreign state, or service on a private person or entity in a foreign state, Article 15 of the Hague Convention does not allow a court in a signatory country to enter a default judgment against such state, person, or entity, "unless a period of time of not

---

[8] There is no special arrangement available and China specifically opposed adoption of Article 10 of the Hague Treaty which provides for service by postal mail. *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn.
[9] *See* U.S. Department of State, FSIA Checklist, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html.
[10] *See id.*

less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document."[11]

There have also been recent developments in Congress that may prove helpful to Plaintiffs' efforts. On July 30th the Senate Judiciary Committee approved the "Civil Justice for Victims of COVID Act" (S. 4212) by a vote of 13 to 9. The Act would allow American citizens to sue China in federal court for damage done to their families and businesses by the coronavirus. Thus, Congress has recognized that Americans should be able to seek redress for China's conduct as to the Coronavirus.

In sum, Plaintiffs have diligently acted in good faith since filing the FAC, and posit that neither the Court nor the Parties shall be prejudiced by a further expansion of time for service to be perfected on the China based Defendants, and that they have shown good cause as to why service is yet to be effectuated. Indeed, it is Plaintiffs who will be prejudiced if additional time is not allowed for service on the foreign Defendants.

WHEREFORE, Plaintiffs respectfully request that the Court extend the time for Plaintiffs to effectuate service through at least March 11, 2021; and for such other relief as the Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the Plaintiffs has conferred with counsel for PCIA (as the only Defendant to have appeared in this action) in a good faith effort to resolve the issues raised in the motion and counsel for Defendant PCIA has represented to undersigned that PCIA takes no position on the relief sought by Plaintiffs.

---

[11] 14: Hague Convention of 15 Nov. 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at:* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

Respectfully Submitted this 5th day of October, 2020.

                **THE LAW OFFICES OF**
                **BERMAN & BERMAN, P.A.**
                P.O. Box 272789
                Boca Raton, FL 33427
                Telephone: (561) 826-5200
                Fax: (561) 826-5201

                By: _/s Matthew T. Moore_
                Matthew T. Moore, Esq.
                Fla. Bar No. 70034
                Primary: service@thebermanlawgroup.com
                Secondary: mmoore@thebermanlawgroup.com

                Vincent J. Duffy, Esq.
                Fla. Bar No. 82151
                Primary: service@thebermanlawgroup.com
                Secondary: vduffy@thebermanlawgroup.com

CASE NO. 9:20-cv-80604-RKA

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this October 5, 2020 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

/s/ *Matthew T. Moore*
Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com
Vincent J. Duffy
vduffy@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159