## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON, *et al.*,
each on behalf of themselves,
and all those similarly situated,

CASE NO. 9:20-cv-80604-RKA
CLASS ACTION
JURY TRIAL DEMANDED

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.

_____/

## DECLARATION IN SUPPORT OF MOTION FOR EXTENSION OF TIME

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

1.      My name is Maria J.Gutierrez and I am the President of Judicial Process and Support, Inc.

2.      Judicial Process and Support, Inc., is a process serving company authorized to serve service of process. Judicial Process and Support, Inc., has been in business since April 2000 and specializes in serving process internationally under The Hague Convention.

3.      Matthew T. Moore, Esq. of Berman Law Group retained our services to serve legal documents upon:

- PEOPLE'S REPUBLIC OF CHINA, THE STATE COUNCIL OF THE PRC, ATTN: LI KEQIANG
- CHINESE COMMUNIST PARTY, THE CENTRAL COMMITTEE OF THE COMMUNIST PARTY OF CHINA, ATTN.: XI JINPING
- PETROCHINA INTERNATIONAL (AMERICA), INC.

4.      Petrochina International (America), Inc., is a corporation registered to do busines in Florida and was served by conventional means on July 31, 2020.

5.      As to the Defendants located in China, once the summonses were issued on July 21, 2020, we prepared the necessary translations of the service documents into Official Chinese and prepared the service packets.  Once that was complete, we coordinated and paid the required fees on behalf of Mr. Moore's firm, and prepared the service package to send to China via Federal Express.

6.      China has designated one Hague Convention compliance office for the entire country, for incoming judicial documents from all countries.  It is located in Beijing. It is usually staffed by only one person.

7.      The office remained closed during much of the height of the pandemic during the spring, and then opened only for limited hours starting in late June.

8.      In our experience, if a service package is sent to the office when it is closed, it is often deemed lost or destroyed.

9.      Therefore, we had to monitor the opening hours, and then coordinate the delivery of the service package for this case to ensure it was received during opening hours.  That was accomplished on September 11, 2020.

10.      This length of time from the issuance of summonses to the delivery to China in this matter is not out of line under current circumstances.

11.     Because the Beijing office was closed during the pandemic, there is a backlog of court papers from around the world that the office is processing.

12.     I also know from many years of coordinating service of process to China that the current political climate between the countries is further contributing to a slowdown of processing any court papers from the United States.

13.     Under the best of circumstances, in my experience China is slow to respond to service requests, and they often can take more than six months, although sometimes in rarer cases, there is a quicker response.

14.     In my experience it is a best practice not to request a status update from the Beijing office until at least three months have passed since receipt of the package.

15.     Under the Article 15 of the Hague Convention on Service of Process, a plaintiff may not seek a default against a foreign defendant until at least six months have passed since the transmission of the service documents.

16.     This affidavit is prepared and executed in anticipation that the attorney of record will need an extension of time.

17.     I declare under penalty of perjury that the foregoing is true and correct.

Maria J. Gutierrez, President of Judicial Process and Support, Inc.

Date: 10-1-20 .

3