UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;           CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;                CLASS ACTION
MARIANGELLA MANNING;           JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

**PLAINTIFF'S MOTION TO REOPEN CASE, FOR SCHEDULING CONFERENCE, AND FOR RELIEF FROM NEED TO FILE MONTHLY STATUS REPORTS**

Plaintiffs, by and through undersigned counsel, hereby respectfully file this Motion to Reopen the Case and for a Scheduling Conference so that the case may proceed now that China's Ministry of Justice has formally acknowledged and formally refused to accept service of the First Amended Complaint. [*See* DE 42, China's Affidavit of Refusal]. Plaintiffs further seek relief from the Court's Order for monthly status reports on the state of service of process on some of the Defendants. As grounds therefor, Plaintiffs further state:

CASE NO. 9:20-cv-80604-RKA

## PROCEDURAL POSTURE

1. Pursuant to this Court's July 6, 2020 Order on Plaintiffs' initial motion for an extension of time to serve Defendants, the Clerk of Courts administratively closed this case pending Plaintiffs' efforts to serve, while further allowing Plaintiffs to amend their Complaint. [DE 18].

2. That Order further mandated that Plaintiffs file status reports every thirty days and gave a deadline of October 5, 2020 to file proof of service on Defendants. [DE 18].

3. The First Amended Complaint was filed July 7, 2020, naming for the first time a United States based Defendant, PetroChina International (America), Inc. ("PetroChina America"), in addition to the previously named Defendants located in Mainland China, Chinese Communist Party ("CCP") and the People's Republic of China ("PRC"). [DE 19].

4. PetroChina America. was served on July 31, 2020, and their counsel appeared on August 17, 2020. [DEs 30, 31]. Therefore, at least one Defendant is appearing before the Court, and the claims against PetroChina America are not dependent on the PRC or the CCP appearing, since there are means available for the default of those Defendants. (*See, e.g.*, First Amended Complaint ("FAC") ¶¶ 143-147; Count V).

5. Plaintiffs filed the required status reports and updates on the status of serving the CCP and PRC on August 3, 2020, September 3, 2020, and October 2, 2020. [DEs 29, 33, and 34].

6. Because of the particular difficulties of serving foreign defendants pursuant to the Foreign Sovereign Immunities Act ("FSIA") and the Hague Convention on Service of Process, and specifically entities in China, on October 5, 2020 Plaintiffs moved for an extension of time to perfect service on the CCP and the PRC. [DE 35].

7. The Court granted that motion in a Paperless Order, giving Plaintiffs until March 11, 2021 to effectuate service. [DE 36].

8. Plaintiffs continued to update the Court on the status of service in status reports filed every thirty days, with the most recent update filed March 2, 2021. [DEs 37–41].

9. In their last status report, Plaintiffs alerted the Court that China's central authority sent a letter to Plaintiffs via undersigned counsel, advising that China's Ministry of Justice accepted the First Amended Complaint and service papers, but is refusing to serve them on sovereign immunity grounds. [DE 41].

10. Due to the way this matter has progressed, a Rule 26(f)/Local Rule 16.1(b) scheduling report has not been developed and the scheduling conference has not transpired.

## **MEMORANDUM OF LAW**

The Court administratively closed this case on July 6, 2020 to allow time for Plaintiffs to serve the CCP and the PRC, eventually extending that time to March 11, 2021. As an initial matter, because the status of service is now known, Plaintiffs respectfully request that it be relieved from further monthly status reports on the status of service. Furthermore, Plaintiffs did effectuate service to the extent possible under the circumstances and have either outright satisfied the Hague Convention or will be able to show that default has been triggered under its Article 15. The letter from China's Ministry of Justice demonstrates unequivocally that the documents were accepted, acknowledged, received, and reviewed as required pursuant to the Hague Convention (and otherwise met the requirements of service under the Convention),[1] and that China (through its designated ministry for handling international service) is refusing to

---

[1] The Ministry did not cite any of the technical defect grounds for returning documents unserved, whereby a plaintiff would correct those defects and reserve. [*See* DE 42].

3

appear on sovereign immunity grounds. The Ministry of Justice is an arm of the PRC[2] and the CCP is the overriding controller of China's governmental actions.[3] Thus, the PRC and CCP are choosing to default and flouting this Honorable Court and U.S. law. Now that the status of service is known and the PRC and the CCP are refusing to appear, it is possible for this case to reopen and proceed. *See Aronowitz v. Home Diagnostics, Inc.,* No. 93-cv-6999, 2010 U.S. Dist. LEXIS 58818, at *9 (S.D. Fla. Mar. 15, 2010) ("Motions to reopen cases are generally committed to the sound discretion of the trial court."). Furthermore, PetroChina America was properly served and has appeared through counsel.

Moreover, Plaintiffs have acted diligently and complied with the Court's order to provide monthly status reports and are acting timely prior to the expiration of the Court's March 11, 2021 deadline. Plaintiffs respectfully posit that the case should now be reopened so that it may proceed, and that there is now a path for it to proceed.

The FSIA (28 U.S.C. §§ 1602 *et seq*.) provides for exceptions to sovereign immunity under U.S. law such that foreign nations may be subject to the jurisdiction of U.S. Courts. The First Amended Complaint pleads the exceptions codified at § 1605(a)(5) (for money damages for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious acts or omissions of the PRC, or of any official or employee of PRC while acting within the scope of his office or employment); and at § 1605(a)(2) (for commercial activity carried on in the United States; for an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or, for an act outside the territory of

---

[2] *See* Ministry of Justice of the People's Republic of China, *What We Do,* available at: http://en.moj.gov.cn/2019-06/20/c_383604.htm ("The Ministry of Justice of the People's Republic of China is a part of the State Council, and is a ministry-level organ.").
[3] Council on Foreign Relations, Chinese Communist Party, available at: https://www.cfr.org/backgrounder/chinese-communist-party (CCP has had a monopoly on power in China since 1949).

CASE NO. 9:20-cv-80604-RKA

the United States in connection with a commercial activity of the foreign state that causes a direct effect in the United States), among other grounds. (FAC ¶ 22). Should Plaintiffs show the exceptions may apply, the Court should be satisfied that the PRC has no basis to refuse service and that it has jurisdiction to hear the issues.

Plaintiffs have also pled and argued that the CCP is not a sovereign entity (as recognized by at least one U.S. District Court),[4] but actually sits as an independent body above the PRC, and therefore no exception to the FSIA is necessary for the Court to hear the matter as to the CCP.[5] (FAC ¶ 28). Thus, if the CCP is not entitled to sovereign immunity, it has no such basis to refuse service.[6]

Plaintiffs propose that the Court allow Plaintiffs and PetroChina America to meet and confer to develop a discovery plan and proposed scheduling order pursuant to Rule 26(f) and Local Rule 16.1(b), so that the jurisdictional issues may be briefed and addressed and a timeline for the case can be set.[7] Given the complexity of the issues, a scheduling conference may also be appropriate. Alternatively, if the Court determines that the questions of service, the FSIA exceptions and status of CCP are threshold, Plaintiffs respectfully suggest a process similar to

---

[4] *See, e.g., Yaodi Hu v. Communist Party of China*, 2012 WL 7160373, at *3 (W.D. Mich. Nov. 20, 2012) (holding that the Communist Party of China is not entitled to immunity under the Foreign Sovereign Immunities Act).

[5] If the Court were to disagree that the CCP is not a sovereign entity, Plaintiffs have pled that the CCP would still fall into the exceptions presented.

[6] The issues of Hague Service, FSIA exceptions, and whether the CCP may be considered sovereign or not, are complex and require separate briefing, along with, potentially, expert opinion, which would be addressed in a scheduling order or the alternative proposed by Plaintiffs.

[7] Because we are now almost a year into the pandemic, and the factual issues of where and how the virus may have originated and spread have also advanced since the First Amended Complaint was filed, Plaintiffs anticipate the need for a Second Amended Complaint. Moreover, PetroChina America may propose that it be allowed to delay responding to any complaint until jurisdictional issues are resolved. Hence, it would be helpful for Plaintiffs and PetroChina America to meet and confer and propose a case plan and schedule for the Court to consider.

the one taking place in Case No. 20-cv-21008-AMC (the other COVID related class action before the Court and Judge Cannon), whereby the plaintiffs there are going to brief Judge Cannon by April 15, 2021[8] on how the Plaintiffs have complied with the Hague Convention on serving the Mainland China defendants (which further allows for a Plaintiff to move for default under Article 15 if service is not considered effectuated),[9] and whether the Court has subject matter jurisdiction under the FSIA. [*See* DE 148, Case No. 20-cv-21008-AMC]. The Court could then address the issues as to the CCP and the PRC and then determine the best way to proceed.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order: 1) directing the Clerk to reopen this case and allowing the parties to meet and confer for the purposes of Rule 26(f) and Local Rule 16.1(b); 2) setting a scheduling conference; 3) determining the need for further status reports on service is now moot; and/or 4) alternatively, setting a briefing deadline of April 15, 2021 for Plaintiffs to demonstrate its compliance with the Hague Convention and that it has subject matter jurisdiction; and for such other relief as the Court may deem just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the Plaintiffs has conferred with counsel for PetroChina America (as the only Defendant to have appeared in this action) in a good faith effort to resolve the issues raised in the motion and

---

[8] Judge Cannon allowed an approximately sixty-day window for the briefing because of the complexity of the issues and potential need for expert opinion. Undersigned should be able to adapt that briefing to this matter and would be able to meet the same deadline here.
[9] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention" or "Hague Convention of Service of Process"), *done* Nov. 15, 1965, 20 U.S.T. 363, 658 U.N.T.S. 169.

CASE NO. 9:20-cv-80604-RKA

counsel for Defendant PetroChina America have represented to undersigned that PetroChina America opposes the relief requested herein.

Respectfully submitted this 11 day of March, 2021.

          **THE LAW OFFICES OF**
          **BERMAN & BERMAN, P.A.**
          P.O. Box 272789
          Boca Raton, FL 33427
          Telephone: (561) 826-5200
          Fax: (561) 826-5201

          By: */s Matthew T. Moore*
          Matthew T. Moore, Esq.
          Fla. Bar No. 70034
          Primary: service@thebermanlawgroup.com
          Secondary: mmoore@thebermanlawgroup.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this March 11, 2021 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

                                      */s/ Matthew T. Moore*
                                      Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159