UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;
LEE ANGIOLETTI;
MARIANGELLA MANNING;
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

CASE NO. 9:20-cv-80604-RKA
CLASS ACTION
JURY TRIAL DEMANDED

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

## PLAINTIFF'S MOTION TO CONTINUE SERVICE EFFORTS

Plaintiffs respectfully file this Motion to Continue Service Efforts through the U.S. State Department, and as grounds therefor, state as follows:

### PROCEDURAL HISTORY

1. On March 11, 2021, Plaintiffs moved the Court to administratively re-open this case based on the fact that China's Ministry of Justice had refused to serve the First Amended Complaint on the People's Republic of China ("PRC") and the Chinese Communist Party ("CCP") (collectively the "China Defendants"), citing Article 13 of the Hague Convention and

1

claims of sovereign immunity. [DE 43]. The Ministry of Justice had sent a letter to Plaintiffs confirming this position. [DE 41].

2.  The U.S. based Defendant here, PetroChina International (America), Inc. ("PetroChina"), opposed Plaintiff's Motion. [DE 44].

3.  Plaintiffs conceded in their Reply that additional service pursuant to 28 U.S.C. § 1608(a) of the Foreign Sovereign Immunity Act (FSIA) was required and requested that the Court allow its service efforts to continue under the FSIA to provide certain clarifications as to proceeding.

4.  On June 7, 2021, the Court determined and ordered that Plaintiffs must request such relief in a separate motion that complies with Local Rule 7.1(a)(3), and this Motion follows.

## MEMORANDUM OF LAW

Although continued service efforts under the FSIA appeared to be futile, as China has unequivocally stated that sovereign immunity applies, Plaintiffs' subsequent research into the complex, intertwining issues involved in serving and maintaining an action against a foreign state and foreign defendants, indicated that the FSIA requires that all of its service steps be completed before service can be considered complete.[1] This subsequent research included Plaintiffs submitting a 32 page brief in its other COVID related class action to assist Judge Cannon in determining how service on the China Defendants could be considered complete;[2] participated in hearing on that briefing on June 3rd; and submitted a requested supplemental brief on June 11th.

---

[1] Plaintiffs maintain that their prior position that service could be considered complete, [DE 43], was more than colorable based on conflicting appellate decisions on FSIA service as well as the Supreme Court's prior recognition that a foreign sovereign should not be able to dictate U.S. law and process, [see 20-cv-21108-AMC, DE 152, pp. 3–4], but further research indicated that the weight of authority indicated that completing service under the FSIA was, in fact, required.
[2] See 20-cv-21108-AMC, Docket Entry 152.

**I.       Service Under the FSIA's Four-Step Hierarchy Is Required.**

China's letter, [DE 41], asserting Article 13 and sovereign immunity under the Hague Convention,[3] means that Plaintiffs have now been unable to serve under § 1608(a)(2), or step two, of the four-step hierarchy of service of the FSIA on foreign sovereign defendants. *See* 28 U.S.C. §§ 1608(a)(1)–(4).   The FSIA's four steps of service on foreign sovereigns are, in simplified terms:

- Step one: service via a special arrangement (§ 1608(a)(1));
- Step two: service via an international convention, here, the Hague Convention, on the "Central Authority" for the country (§ 1608(a)(2));
- Step three:  service by mail (§ 1608(a)(3)); and
- Step four: service via the U.S. Department of State ("State Department") by diplomatic channels (§ 1608(a)(4)).

One step must be exhausted or inapplicable before the next step can be taken. *See generally* §§ 1608(a)(1)–(4).  Steps one and three are not applicable to China.[4]  Plaintiffs served under step two and China refused service, invoking Article 13 of the Hague Convention.  Since step three is inapplicable to China, Plaintiffs must move to step four via the State Department.  The State Department requires a statement in writing from the plaintiff or the clerk certifying that these attempts were made or were otherwise not applicable.[5]

Moving on from step two to step four is in accord with the recent decision in *Missouri ex rel. Schmitt v. People's Republic of China*, Case No. 1:20-cv-0099-SNLJ, 2021 U.S. Dist.

---

[3] References herein to the Hague Convention (or as PetroChina called it, the "Hague Treaty") are references to:  Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *done* Nov. 15, 1965, 20 U.S.T. 363, 658 U.N.T.S. 169.

[4]  There is no "special arrangement" available and China specifically opposed adoption of Article 10 of the Hague Treaty which provides for service by postal mail.  *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn.

[5] *See* U.S. Department of State, FSIA Checklist, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html.

LEXIS 89739, at *1 (E.D. Mo. May 11, 2021). The State of Missouri, faced with the same denial from the Ministry of Justice for their pandemic related case (which is restricted to relief for Missouri and its residents), had filed a motion similar to Plaintiffs' efforts in this Court, seeking a decision from that court on how to proceed with service in light of that denial.[6] *Id.* That court determined, citing *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508 (S.D.N.Y. 2013) that the invocation of Article 13 by a sovereign does not mean that other methods of service are foreclosed, but "only that service through the Central Authority is not an option." *Missouri*, at *3 (quoting *Zhang*). Moreover, the *Missouri* court determined that, as to the sovereign defendants, step three (service by mail) could be skipped since China did not authorize such service, and Missouri would proceed to step four (§ 1608(4), service via the U.S. State Department). *See id.* at *7–*8. Thus, Plaintiffs agree with PetroChina's statement that "[a]t this stage, Plaintiffs' next step should be an attempt to effect service under Section 1608(a)(4)." [DE 44].

### A. Service Through the U.S. State Department.

Pursuant to the State Department's "FSIA Checklist," step four proceeds by a letter/direction from the Clerk of Court, *unless* the Court directs that Plaintiffs may directly contact the State Department.[7] Thus, in the interest of efficiency and economy of the Clerk's

---

[6] The *Missouri* court also appears to have assumed/agreed with State of Missouri that the CCP is not a sovereign entity but Missouri did not address sovereign immunity issues or present arguments on what constituted sovereignty. *See generally* 2021 U.S. Dist. LEXIS 89739. Plaintiffs here have consistently argued, and agree with *Missouri*, that CCP is not sovereign, but PetroChina disagrees. However, the issue of whether the CCP is sovereign or not need not be addressed until service is complete, and service upon the CCP under the stricter dictates of the FSIA should satisfy the service requirements of Rule 4. Plaintiffs do not waive their argument that the CCP should not be regarded as sovereign.

[7] *See* U.S. Department of State, FSIA Checklist, No. 9, *available at* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html.

labor, Plaintiffs request that the Court issue an order that they may contact the State Department directly to further and complete service.

Service through the State Department requires that a copy of the FSIA, the First Amended Complaint, the summonses, and the required forms be translated into Official Chinese. The First Amended Complaint is already translated and can be reused from the prior service attempt. Plaintiffs are contemporaneously requesting that the Clerk issue new sixty-day summonses, but the information on them will remain the same as before, and those translations also already exist and just need to be copied over. The required forms and the FSIA translation are more ministerial and should be able to be translated quickly.

Plaintiffs are already working with a service vendor, known and recommended for their experience in completing service through the State Department, to prepare all of the documentation and fees so that the process can start immediately upon the order of this Court directing them to proceed.[8] Plaintiffs' vendor has stated that, although timing can vary depending on world events at the time, the State Department generally transmits the service packages within 30 days of receipt. Once transmitted, the China-based Defendants have sixty days to respond according to the summonses. Plaintiffs argue that if they do not respond, then service under the FSIA is satisfied and the Court may then make its determination on administratively re-opening the case and proceeding.

## II. Plaintiffs Have Remained Diligent in Their Service Efforts and Have Acted Expeditiously.

The Court had previously provided until March 11, 2021 to effectuate service. [DE 36]. China's letter invoking Article 13 was not received until February 26, 2021, almost six months after the original 60 day summonses were received, and Plaintiffs timely notified the Court of

---

[8] Currently, the State Department charges a fee of $2,275.00 per instance of service.

same in their March 2, 2021 Status Report. [*See* DE 41]. The Clerk did not receive the letter and docket it until March 9, 2021. [*See* DE 42]. Plaintiffs then timely filed their first motion before the Court's prior time for service expired on March 11, 2021. [*See* DE 43].

Plaintiffs would have been unable to move forward with service under the FSIA hierarchy until receiving that letter, and still would have required extra time once China's decision was known, since it was so close to March 11, 2021. Briefing on Plaintiff's motion to reopen closed on April 8, 2021, [DE 47], and the Court issued its Order on that briefing June 11, 2021. [DE 50]. Subsequent to the Court's Order, Plaintiffs sought out and evaluated service vendors with the experience to complete State Department service efficiently, and have met and conferred with counsel for PetroChina to determine if any agreement could be made on this Motion.

Plaintiffs are mindful that service efforts cannot be "infinite," as stated by PetroChina, but the Eleventh Circuit recently acknowledged that it has never published a decision providing "whether or what time constraints apply to service on foreign defendants," and has adopted the "flexible due diligence" standard, which excuses delay where the plaintiffs are exercising diligence. *See Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015). Indeed, the Southern District of Florida has excused a delay of one year in serving a foreign defendant, recognizing the flexible due diligence standard and that any prejudice to the defendant was outweighed by the prejudice plaintiff would suffer if they were not allowed to pursue their claims. *See Steinberg v. Barclay's Nominees (Branches), Ltd.*, No. 04-cv-60897, 2008 U.S. Dist. LEXIS 123948, at *18–20 (S.D. Fla. Sep. 30, 2008).

Plaintiffs have acted diligently throughout this process and will continue to act diligently to complete the procedural steps required to perfect service. Plaintiffs will also continue to file

monthly status reports to keep the Court apprised of completing the process. Moreover, a foreign sovereign should not be able to avoid ever being hailed into a U.S. Court through avoiding summonses and vagaries in the way the law is written, especially for an issue with as much magnitude and societal effect as the pandemic.

WHEREFORE, Plaintiffs respectfully requests that the Court enter an order: 1) allowing Plaintiffs to continue and complete FSIA service with service through the U.S. State Department; and 2) allowing Defendants to contact the State Department directly to complete such service; and 3) for such other relief as the Court may deem just and proper.

### LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the Plaintiffs has conferred with counsel for PetroChina America (as the only Defendant to have appeared in this action) in a good faith effort to resolve the issues raised in the motion and counsel for Defendant PetroChina America have represented to undersigned that PetroChina America <u>takes no position</u> with respect to the relief requested herein.

Respectfully submitted this 9th day of July, 2021.

>THE LAW OFFICES OF
>BERMAN & BERMAN, P.A.
>P.O. Box 272789
>Boca Raton, FL 33427
>Telephone: (561) 826-5200
>Fax: (561) 826-5201
>
>By: */s Matthew T. Moore*
>Matthew T. Moore, Esq.
>Fla. Bar No. 70034
>Primary: service@thebermanlawgroup.com
>Secondary: mmoore@thebermanlawgroup.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this July 9, 2021 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

*/s/ Matthew T. Moore*
Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159