SOUTHERN DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT

CASE NO. 20-CV-80604-ALTMAN/REINHART

MORIAH AHARON, et al.,

       Plaintiffs,

v.

CHINESE COMMUNIST PARTY, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO CONTINUE SERVICE EFFORTS (ECF No. 53)**

On April 8, 2020, Plaintiffs brought this class action lawsuit on behalf of front-line medical workers in the United States against the Chinese Communist Party and the People's Republic of China. The Complaint alleged that Defendants knew about the dangers of COVID-19 but failed to contain the virus and actively sought to conceal its dangers. ECF No. 1. Plaintiffs contend that they suffered damages caused by Defendants' hoarding and stockpiling of Personal Protective Equipment ("PPE"), and their prohibition on factories located in China, including those owned by U.S. corporations, from exporting PPE to the United States.

Plaintiffs were unsuccessful in effectuating service on Defendants. On July 6, 2020, the Honorable Roy K. Altman administratively closed the case but permitted Plaintiffs to file an amended complaint and ordered that service be perfected by October 5, 2020. ECF No. 18. Judge Altman ordered Plaintiffs to file monthly status reports regarding their service efforts.

The following day, Plaintiffs filed an Amended Complaint, adding a new defendant, PetroChina International (America), Inc. ("PetroChina") an American-based subsidiary of China-

1

state owned PetroChina International Co., Ltd. ECF No. 19. PetroChina was served and their attorneys filed notices of appearance (ECF No. 29-31), however, PetroChina was relieved from responding to the Amended Complaint until the international defendants were served. ECF No. 18.[1] Plaintiffs continued to file their monthly status reports explaining their inability to serve the international Defendants.

On June 7, 2021, Judge Altman denied Plaintiff's motion to reopen the case. ECF No. 50. Judge Altman rejected Plaintiffs' request in their reply papers to proceed under the remaining steps available in the Foreign Sovereign Immunities Act (FSIA) (28 U.S.C. § 1608(a)(4)), finding that the request must be made by separate motion after conferral with PetroChina. ECF No. 50.

On July 9, 2021, in accordance with Judge Altman's order, Plaintiffs filed the instant motion seeking permission to effect service on the international Defendants via the U.S. Department of State ("State Department") by diplomatic channels (28 U.S.C. § 1608(a)(4)). ECF No. 53 at 5 ("Plaintiffs request that the Court issue an order that they may contact the State Department directly to further and complete service."). On November 23, 2021, Judge Altman referred this motion to me for a report and recommendation. ECF No. 60.

According to Plaintiffs, the Amended Complaint and summonses have already been translated into Chinese in accordance with State Department requirements. Although the Clerk of the Court will need to issue new sixty-day summonses, Plaintiffs contend that the information on them will remain the same as before, and thus the translations can be "quickly" copied. ECF No. 53 at 5. Plaintiffs further state that they

> are already working with a service vendor, known and recommended for their experience in completing service through the State Department, to prepare all of the documentation and fees so that the process can start immediately upon the order

---

[1] In October 2020, Judge Altman granted Plaintiffs' motion to extend the deadline to effect service to March 11, 2021. ECF No. 36.

>of this Court directing them to proceed.  Plaintiffs' vendor has stated that, although timing can vary depending on world events at the time, the State Department generally transmits the service packages within 30 days of receipt. Once transmitted, the China-based Defendants have sixty days to respond according to the summonses. Plaintiffs argue that if they do not respond, then service under the FSIA is satisfied and the Court may then make its determination on administratively re-opening the case and proceeding.

ECF No. 53 at 5.  Plaintiffs further represent that they have conferred with counsel for PetroChina America, who take no position with respect to the relief requested.  *Id.* at 7.

Having reviewed the motions and monthly status reports filed by Plaintiffs, I find that they have acted diligently in this matter and should be permitted to pursue service on the international Defendants with the assistance of the State Department in accordance with step four of the FSIA. It appears that continued diligent efforts should resolve this service issue within a few months.

## RECOMMENDATION

Plaintiffs' Motion to Continue Service Efforts (ECF No 53) should be **GRANTED**.  The Clerk of the Court should issue new summonses, which Plaintiffs shall have immediately translated into Chinese.  Plaintiffs should be permitted to contact the U.S. Department of State directly to effect service on the international Defendants.  Plaintiffs should be ordered to continue filing monthly status reports regarding the progress of service.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 2nd day of December, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE