UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80604-CIV-ALTMAN

**MORIAH AHARON,** *et al.***,**

    *Plaintiffs,*

v**.**

**CHINESE COMMUNIST PARTY,** and
**PEOPLE'S REPUBLIC OF CHINA,**

    *Defendants.*
_____/

# ORDER

The Plaintiffs filed a Motion to Continue Service Efforts [ECF No. 53] (the "Motion"). The Court referred the Motion to United States Magistrate Judge Bruce E. Reinhardt for a Report and Recommendation under 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. *See* Order of Referral [ECF No. 60]. On December 2, 2021, Magistrate Judge Reinhardt issued a Report and Recommendation [ECF No. 61] (the "R&R"), suggesting that the Motion be granted and recommending that "the Court should issue new summons, which the Plaintiffs shall have immediately translated into Chinese." R&R at 3. The recommendation also explained that the "Plaintiffs should be permitted to contact the U.S. Department of State directly to effect service on the international Defendants" and that the "Plaintiffs should be ordered to continue filing monthly status reports regarding the progress of service." *Id.* In the R&R, Magistrate Judge Reinhart warned the parties that they must "serve and file written objection, if any, to this Report and Recommendation . . . within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation." *Id.* at 3. The 14-day deadline has now expired, and no party has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 61] is **ACCEPTED and ADOPTED**.
2. The Motion [ECF No. 53] is **GRANTED**.
3. The Clerk of Court is **ORDERED** to issue new summons.
4. The Plaintiffs are **ORDERED** to translate the newly issued summons into Chinese.
5. The Plaintiffs are **PERMITTED** to contact the U.S. Department of State directly to effectuate service on the international Defendants.
6. The Plaintiffs are **ORDERED** to continue filing monthly status reports regarding their service efforts.
7. The case shall remain **STAYED** and **administratively CLOSED** pending service.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of December 2021.

                                              **ROY K. ALTMAN**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record