

**United States Department of State**

*Washington, D.C.  20520*

March 17, 2023

Wilkie D. Ferguson Jr. United States Courthouse
ATTENTION: Clerk of Court- INTAKE DEPARTMENT
400 North Miami Avenue
Miami, Florida 33128

Re: *Moriah Aharon, et al. v. Chinese Communist Party, et al.,* **9:20-cv-80604-RKA**

Dear Clerk of Court:

I am writing regarding the Court's request for transmittal of Summons, First Amended Class Action Complaint, and Notice of Suit to the People's Republic of China and the Chinese Communist Party, pursuant to 28 U.S.C. Section 1608(a)(4) as defendants in the above referenced lawsuit.

The United States Embassy in Beijing, China transmitted the documents to the Ministry of Foreign Affairs of the People's Republic of China under cover of diplomatic notes Nos. 2023-0094 and 2023-0095, dated and delivered on January 18, 2023.  Certified copies of these diplomatic notes are enclosed.

Subsequently, the U.S. Embassy in Beijing received a reply from the Ministry of Foreign Affairs of the People's Republic of China in the form of a diplomatic note from February 2, 2023.  While the Foreign Sovereign Immunities Act, 28 U.S.C. 1608, does not contemplate the use of the diplomatic channel as a means for defendant foreign States to respond to service of process, in certain cases foreign governments will provide replies via the diplomatic channel. When this occurs, it is our practice to provide the sending court with these documents. Therefore, I am including a copy of the original diplomatic note as well as an informal translation of the note.

Sincerely,

Jared Hess
Attorney Adviser
Office of Legal Adviser
L/CA/POG/GC

Cc:   Ann Mickow
      APS International, Ltd.
      APS International Plaza
      7800 Glenroy Rd.
      Minneapolis, MN 55439

## Certificate of Service
## Under the Foreign Sovereign Immunities Act

People's Republic of China )
Beijing Municipality )
    ss:
City of Beijing )
Embassy of the United )
States of America )

I, Briant Platt, Consul of the United States of America in Beijing, China, certify that this is a true copy of the Embassy of the United States of America, diplomatic note No. 2023-0094 dated January 18, 2023, and delivered to the Ministry of Foreign Affairs of the People's Republic of China on January 18, 2023.

**Briant S. Platt**
Consul of the United States of America
United States Embassy Beijing

No. 2023-0094

The Embassy of the United States of America refers the Ministry of Foreign Affairs of the People's Republic of China to the lawsuit *Moriah Aharon, et al. v. Chinese Communist Party, et al.*, 9:20-cv-80604-RKA, which is pending in the U.S. District Court for the Southern District of Florida. The People's Republic of China is a defendant in this case. The Embassy transmits a Summons and First Amended Class Action Complaint herewith. The U.S. District Court for the Southern District of Florida has requested service of these documents on the People's Republic of China as contemplated in Title 28, United States Code, Section 1608(a)(4). This note constitutes transmittal of these documents as requested by the U.S. District Court for the Southern District of Florida Court.

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons and First Amended Class Action

Complaint be forwarded to the appropriate authority of the People's Republic of China with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and First Amended Class Action Complaint the Embassy is enclosing a Notice of Suit prepared by the plaintiff, which summarizes the nature of the case and includes references to pertinent U.S. laws concerning suits against foreign states.

Under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, First Amended Class Action Complaint, and Notice of Suit

2. Translations



Briant Platt
Consul

Embassy of the United States of America

Beijing, January 18, 2023

非正式译文 仅供参考

第 2023-0094 号

美利坚合众国大使馆将莫里亚·阿哈伦等人诉中国共产党的诉讼（9：20-cv-80604-RKA）提交中华人民共和国外交部，该诉讼正在美国佛罗里达州南区地方法院审理。中华人民共和国是本案的被告。大使馆特此转交传票和第一次修订的集体诉讼投诉。美国佛罗里达州南区地方法院已要求按照《美国法典》第 28 篇第 1608（a）（4）条的规定，将这些文件送达给中华人民共和国。本说明达到了美国佛罗里达南区地方法院要求的这些文件的传送要求。

根据美国相关法律，诉讼中的被告必须在起诉书转交之日起 60 天内（在本案中为本说明之日）提交对起诉书或其他回应性诉状的答复。如在本说明之日没有提交起诉书或者回应性诉状答复，被告将有可能在没有机会提出代表自己的论点或证据的情况下而得到不利于被告的判决。因此，大使馆将所附传票和第一次修订的集体诉讼投诉转交中华人民共和国的相关机构，以便采取一切必要措施避免缺席判决。

除了传票和第一次修订的集体诉讼起诉书外，大使馆还附上原告准备的诉讼通知，其中总结了案件的性质，并引用了有关针对外国的诉讼的相关美国法律。

根据美国法律，任何管辖权或其他辩护，包括主权豁免的主张，都必须向正在审理此事的法院提出，因此建议咨询美国的律师。 美国国务院的惯例是可与律师讨论美国法律的要求。 美国政府不是本案的当事方，也不能代表其他当事方处理此事。

附件： 1. 传票、第一次修订的集体诉讼投诉和诉讼通知
    2. 翻译

美国驻华大使馆

2023 年 1 月 18 日于北京

Certificate of Service
Under the Foreign Sovereign Immunities Act

People's Republic of China  )
Beijing Municipality            )
    ss:
City of Beijing                       )
Embassy of the United      )
States of America              )

I, Briant Platt, Consul of the United States of America in Beijing, China, certify that this is a true copy of the Embassy of the United States of America, diplomatic note No. 2023-0095 dated January 18, 2023, and delivered to the Ministry of Foreign Affairs of the People's Republic of China on January 18, 2023.



**Briant S. Platt**
Consul of the United States of America
United States Embassy Beijing

No. 2023-0095

The Embassy of the United States of America refers the Ministry of Foreign Affairs of the People's Republic of China to the lawsuit *Moriah Aharon, et al. v. Chinese Communist Party, et al.*, 9:20-cv-80604-RKA, which is pending in the U.S. District Court for the Southern District of Florida. The Chinese Communist Party is a defendant in this case. The Embassy transmits a Summons and First Amended Class Action Complaint herewith. The U.S. District Court for the Southern District of Florida has requested service of these documents on the Chinese Communist Party as contemplated in Title 28, United States Code, Section 1608(a)(4). This note constitutes transmittal of these documents as requested by the U.S. District Court for the Southern District of Florida Court.

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons and First Amended Class Action

Complaint be forwarded to the appropriate authority of the Chinese Communist Party with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and First Amended Class Action Complaint the Embassy is enclosing a Notice of Suit prepared by the plaintiff, which summarizes the nature of the case and includes references to pertinent U.S. laws concerning suits against foreign states.

Under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, First Amended Class Action Complaint, and Notice of Suit
2. Translations

Briant Platt
Consul

Embassy of the United States of America

Beijing, January 18, 2023

<u>*非正式译文 仅供参考*</u>

第 2023-0095 号

美利坚合众国大使馆将莫里亚·阿哈伦等人诉中国共产党的诉讼（9：20-cv-80604-RKA）提交中华人民共和国外交部，该诉讼正在美国佛罗里达州南区地方法院审理。中国共产党是本案的被告。大使馆特此转交传票和第一次修订的集体诉讼投诉。美国佛罗里达州南区地方法院已要求按照《美国法典》第 28 篇第 1608（a）（4）条的规定，将这些文件送达给中国共产党。本说明达到了美国佛罗里达南区地方法院要求的这些文件的传送要求。

根据美国相关法律，诉讼中的被告必须在起诉书转交之日起 60 天内（在本案中为本说明之日）提交对起诉书或其他回应性诉状的答复。如在本说明之日没有提交起诉书或者回应性诉状答复，被告将有可能在没有机会提出代表自己的论点或证据的情况下而得到不利于被告的判决。因此，大使馆将所附传票和第一次修订的集体诉讼投诉转交给中国共产党的相关机构，以便采取一切必要措施避免缺席判决。

除了传票和第一次修订的集体诉讼起诉书外，大使馆还附上原告准备的诉讼通知，其中总结了案件的性质，并引用了有关针对外国的诉讼的相关美国法律。

根据美国法律，任何管辖权或其他辩护，包括主权豁免的主张，都必须向正在审理此事的法院提出，因此建议咨询美国的律师。 美国国务院的惯例是可与律师讨论美国法律的要求。 美国政府不是本案的当事方，也不能代表其他当事方处理此事。

附件： 1. 传票、第一次修订的集体诉讼投诉和诉讼通知
　　　 2. 翻译

美国驻华大使馆

2023 年 1 月 18 日于北京

The Ministry of Foreign Affairs of the People's Republic of China
No. (2023)5

Embassy of the United States of America in China:

The Ministry of Foreign Affairs of the People's Republic of China presents its compliments to the Embassy of the United States of America in China, and would like to state its following position on the Embassy's diplomatically delivering to the Chinese side the litigation documents of Mississippi State v. China and Florida citizens v. Chinese Communist Party:

1. The U.S. Embassy in China has delivered to the Chinese side on its involvement in the Covid-19 related vexatious litigation (case number 1:20-cv-0068-mBM-RPM, 9:20-c-80604-RKA), which has seriously violated China's national sovereignty. The Chinese side expressed firm opposition to this, refused to accept it, and returned it on the spot.

2. These two lawsuits filed by local government or citizens of the United States are purely malicious vexatious litigation, not only without factual basis, but also without legal basis. They clearly violate the principle of sovereign immunity in international law and do not conform to the United States' own "Foreign Sovereign Immunities Act". China does not recognize and will not participate in these two vexatious litigation lawsuits.

3. Since the outbreak of the COVID-19, the Chinese government has adhered to the principle of putting people first and life first, and worked together with other countries to overcome difficulties. The Chinese government has always been in an open, transparent and responsible attitude, actively fulfilling its international obligations, reporting the epidemic information to the World Health Organization and the international community as soon as possible, releasing information such as the gene sequence of COVID-19 as soon as possible, and disclosing the diagnosis and treatment methods and prevention and control plans as soon as possible. The time line of China's anti-epidemic action is clear, and the anti-epidemic efforts and results are obvious to all, which have been widely recognized and highly valued by the international community.

4. According to international law, China, as a sovereign country, enjoys sovereign immunity and is not subject to the jurisdiction of the United States courts. The Foreign Sovereign Immunity Act enacted by the United States in 1976 also establishes the principle of sovereign immunity. Sovereign immunity is an important principle of international law that has been established for a long time and is generally supported by the legislation and judicial practice of various countries and international legislation. According to this principle, without the express waiver of jurisdictional immunity by one country, the other country should not accept and hear the lawsuit with that country as the defendant, nor take any coercive measures against the national property of that country.

The CPC is the ruling party in China, and the Chinese Constitution clearly stipulates the leadership of the CPC. The National Health Commission of China, the Ministry of Emergency Management, the Ministry of Civil Affairs, the Hubei Provincial Government and the Wuhan Municipal Government are the governmental departments and local governments of China. The Chinese Academy of Sciences and the Wuhan Institute of Virology are the public institutions

    directly owned by the state. According to international law and American law, the above-mentioned subjects also enjoy immunity.

5. Even according to the domestic laws of the United States, China's epidemic prevention and control policies and measures are not subject to the jurisdiction of the United States courts. These two vexatious litigation lawsuits have no basis in facts and laws. There are also no exceptions such as "commercial acts with direct influence on the United States", "infringement acts in the United States", which are subject to the jurisdiction of the United States courts over foreign countries under the United States Foreign Sovereign Immunity Act.

6. The U.S. government has the responsibility under international law to take effective measures to stop vexatious litigation. In particular, the Mississippi case of vexatious litigation was promoted by the local government of the United States, which has a very bad impact. The United States government should safeguard China's sovereign immunity, let alone shirk its responsibility under the pretext of domestic law.

7. The United States should be clear that if some people with ulterior motives are allowed to use the relevant judicial procedures to vexatiously litigate China, it will damage China-U.S. relations and seriously undermine the efforts of China, the United States and the international community to unite and fight the epidemic. The vexatious litigation is a "legal virus" left by the previous U.S. administration, and the current U.S. administration should control and eliminate it. China requests the United States to attach great importance to China's position and concerns, recognize the seriousness and harmfulness of such vexatious litigation cases, and take all necessary measures to restrain and stop such vexatious litigation, including exerting influence on the Mississippi State Government, urging it to immediately withdraw the vexatious litigation, and at the same time, urging the relevant courts to stop the trial and dismiss the cases. China reserves the right to take reciprocal countermeasures against the United States if the United States allows such vexatious litigation against China to advance.

Assurances of high consideration.

The Ministry of Foreign Affairs of the People's Republic of China
X Day X Month, 2023



# 中华人民共和国外交部

部条字〔2023〕5号

美利坚合众国驻华大使馆：

中华人民共和国外交部向美利坚合众国驻华大使馆致意，并谨就大使馆就密西西比州诉中国等案、佛罗里达州公民诉中国共产党等案的诉讼文书向中方进行外交送达事阐述立场如下：

一、美国驻华大使馆向中方就涉新冠肺炎疫情滥诉案（案件号1：20—cv—00168—TBM—RPM、9：20—cv—80604—RKA）进行送达，严重侵犯了中国国家主权，中方对此表示坚决反对，并拒绝接收，当场退回。

二、这两起由美国地方政府或公民提起的诉讼纯粹属恶意滥诉，不仅没有事实依据，也毫无法律基础，明显违反了国际法上的主权豁免原则，也不符合美国自己的《外国主权豁免法》。中方不承认、也不会参加这两起滥诉。

三、新冠肺炎疫情发生以来，中国政府坚持人民至上、生命至上，同世界各国携手合作、共克时艰。中国政府始终本着公开、透明、负责任态度，积极履行国际义务，第

一时间向世界卫生组织和国际社会通报疫情信息，第一时间发布新冠病毒基因序列等信息，第一时间公布诊疗方案和防控方案。中国抗疫行动时间线清清楚楚，抗疫努力和成效有目共睹，获得国际社会普遍认可和高度评价。

四、根据国际法，中国作为主权国家享有主权豁免，不受美国法院管辖。美国于1976年制定的《外国主权豁免法》同样确立了主权豁免原则。主权豁免是一项久已确立的重要国际法原则，得到各国立法、司法实践和国际立法的普遍支持，根据这一原则，未经一国明示放弃司法管辖豁免，另一国不得受理和审理以该国为被告的诉讼，也不得对该国国家财产采取任何强制措施。

中国共产党是中国的执政党，中国宪法对中国共产党的领导地位有明确规定。中国国家卫生健康委员会、应急管理部、民政部、湖北省政府、武汉市政府是中国的政府部门和地方政府，中国科学院和武汉病毒研究所是中国国家直接所有的事业单位。根据国际法和美法律，上述主体也都享有豁免。

五、即使根据美国国内法，中国的疫情防控政策和措施也不受美国法院管辖。这两起滥诉在事实和法律上都没有依据，也根本不存在属于美国《外国主权豁免法》规定的美国法院可对外国国家行使管辖权的"和美国有直接影响的商业行为"、"在美国发生的侵权行为"等例外情形。

— 2 —

六、美政府在国际法上负有责任采取有效措施制止滥诉，尤其是密西西比州滥诉案由美国地方政府推进，影响非常恶劣，美政府理应维护中国主权豁免，更不得借口国内法推卸自身责任。

七、美方应该清楚，如果允许一些别有用心的人利用美司法程序对中国国家等进行滥诉，必将损害中美关系，严重破坏中美和国际社会团结抗疫的努力。滥诉是美上届政府遗留下来的"法律病毒"，美现政府理应加以管控和去除。中方要求美方高度重视中方立场和关切，认清此类滥诉案的严重性和危害性，采取一切必要措施约束和制止滥诉，包括对密西西比州政府施加影响，促其立刻撤回滥诉，同时敦促有关法院停止审理并撤销案件。如美方任由针对中国国家等的滥诉推进，中方保留对美方采取对等反制的权利。

顺致崇高的敬意。



二〇二三年　　月　　日于北京