UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;            CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;                CLASS ACTION
MARIANGELLA MANNING;           JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

**PLAINTIFF'S MOTION TO FIND THAT SERVICE HAS BEEN EFFECTUATED**

Plaintiffs, by and through undersigned counsel, hereby respectfully file this Motion to Find that Service Has Been Effectuated, pursuant to the Court's direction at the September 20, 2023 Status Conference, [DE 96], and as grounds therefor Plaintiffs further state:

**PROCEDURAL BACKGROUND**

1.    This case was administratively closed on July 6, 2020 as Plaintiffs continued their service efforts on Defendants, Chinese Communist Party ("CCP") and the People's Republic of China ("PRC") (collectively, "the China Based Defendants").

2. Plaintiffs continued their service efforts pursuant to the Hague Convention and the Foreign Sovereign Immunities Act ("FSIA") § 1608(a)(2), and the Court set a deadline of March 11, 2021 for the service to be accomplished. [DE 36].

3. The China Based Defendants refused to accept service pursuant to Article 13 of the Hague Convention, and notice of their refusal was docketed by the Court on March 9, 2021. [DE 42].

4. Plaintiffs' motion to reopen that case at that juncture was denied, [DE 50], and Plaintiffs then filed for leave to continue their service efforts pursuant to 28 U.S.C. § 1604(a)(4), which is service through the U.S. State Department's diplomatic mission. [DE 53].

5. The issue was referred to Magistrate Judge Bruce E. Reinhart, and Judge Reinhart recommended the grant of Plaintiff's motion, which the Court adopted on December 20, 2021. [DEs 61, 64].

6. New summonses were issued, and Plaintiffs' international service vendor proceeded with the necessary translations and service packets for the China Based Defendants were transmitted to the State Department in February 2022. [*See* DE 71].

7. The State Department was unresponsive to continued inquiries on their efforts to effect service, and the State Department did not serve the China Based Defendants through the Beijing Embassy until January 18, 2023. [*See* DE 84-1, p. 1]. The China Based Defendants responded through a "diplomatic note" on February 2, 2023. [*Id.*]. Briant S. Platt, Consul of the United States at the U.S. Embassy Beijing certified service. [DE 84-1, p.2].

8. China's response was that they do not recognize and will not participate in this "vexatious litigation." [DE 84-1, p. 13]. They further asserted their sovereign immunity. [*Id.*].

9. Plaintiffs filed the affidavit of returned service abroad on June 2, 2023, [DE 87], and posit that service has been effectuated on both the CCP and the PRC.

10. After undersigned conferred with counsel for Defendant PetroChina (International) America, Inc. ("PetroChina America"), Plaintiffs filed an unopposed motion to reopen the case and for a status conference. [DE 91]. Because PetroChina America did not agree that service had been effectuated on both the CPP and the PRC, the Court did not reopen the case, but did set a status conference.

11. At the September 20, 2023 status conference, there was a robust discussion between the Parties and the Court regarding the posture of the case and how it could proceed into litigation. The Court directed Plaintiffs to file this motion on the threshold matter of whether service has been effectuated, with an opportunity for PetroChina America to respond and Plaintiffs to reply. Once this threshold matter is determined, the Court stated it would set a course for further briefing and determinations as to the issues of default, subject matter jurisdiction, and related matters pursuant to the FSIA.

## MEMORANDUM OF LAW

*Treatment of the CCP.*

As an initial matter, PetroChina America's objection to Plaintiffs' argument that service has been effectuated, at least as to the CCP, was because they claim Plaintiffs had taken either an inconsistent or ambiguous position as to the sovereign or non-sovereign status of the CCP. The inference from that objection is that if the CCP were to be considered an independent non-sovereign entity, then it would require service by a different method than pursued by Plaintiffs

here.  *See* 28 U.S.C. § 1608(b);[1] Hague Convention on Service of Process.  To be clear, Plaintiffs' First Amended Complaint contains allegations that the CCP could be considered an independent non-sovereign political party sitting above the sovereign entity (the PRC).  (*See*, *e.g.*, FAC ¶¶ 17–18).  However, knowing that this posture was an unsettled area of law, Plaintiffs alleged in the alternative that should the CCP be found to be sovereign, then all of the allegations related to treating the PRC as a sovereign under the FSIA should be read to apply to the CCP as well.  (*See id.* ¶ 28).  Thus, Plaintiffs have always maintained that depending on how subsequent law may determine its sovereign status, that the CCP may have to be treated as sovereign in this lawsuit, and aligned their allegations accordingly.

In fact, in the time since the filing of the FAC and other motions and briefing in this case, there has been additional case law on point, *e.g. Mississippi. ex rel. Fitch v. People's Republic of China*, No. 1:20-CV-168-TBM-RPM, 2023 U.S. Dist. LEXIS 62492, slip op. (S.D. Miss. Mar. 1, 2023), which has found that the CCP must be considered sovereign for the purposes of the FSIA, including service of process.  *Id.* at *9.  Indeed, Plaintiffs have followed the FSIA's procedural steps to serve a sovereign under § 1608(a) for both the CCP and the PRC, and treated them both as sovereign in terms of service, and concede that the CCP needs to be regarded as sovereign.

***Service Has Been Effectuated Under the FSIA.***

Here, after the first available method of service failed (via The Hague Convention), the Court considered and then authorized Plaintiffs to serve the China Based Defendants pursuant to the final step under § 1608(a)(4), via the State Department's diplomatic mission.  [DEs 61, 64].  As has been previously documented, Plaintiffs prepared the necessary paperwork and

---

[1] The first two steps of Section 1608(b), which addresses service on "agents or instrumentalities" of a foreign state, are substantially similar to those of § 1608(a), and contemplate service under the Hague Convention (which failed here).  However, § 1608(b) lacks the fall back of (a) to complete service via the State Department or other practical means in China.

translations and provided the Department with everything required for it to serve the First Amended Complaint via diplomatic note. [DE 71]. The Department, through our embassy in Beijing, finally did transmit the service packets for both the PRC and the CCP on January 18, 2023, as certified to the Court by the Department and consular officer, Briant S. Platt. [DEs 84-1, 85].

In their Motion to Reopen, Plaintiffs argued that under the FSIA, once the State Department delivered the service documents to China's Ministry of Foreign Affairs and certified same, then pursuant to § 1608(a)(4) the China Based Defendants were to be considered served. *See Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48, 88-89 (D.D.C. 2018) (service effectuated by the State Department despite Iran's refusal to accept service). *See also*, *e.g.*, *Borochov v. Islamic Republic of Iran*, 589 F. Supp. 3d 15, 35 (D.D.C. 2022) (certification of service letter from State Department was sufficient to provide personal jurisdiction); *Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 495 (D.D.C. 2021) (service was deemed effected "as of the date of transmittal indicated in the certified copy of the diplomatic note"); *Sotloff v. Syrian Arab Republic*, 525 F. Supp. 3d 121, 141 (D.D.C. 2021) (citing *Fritz*, the court found that where the State Department served via diplomatic note, "[a]lthough Syria refused to accept delivery, service was still proper); and *Roth v. Islamic Republic of Iran*, No. 1:19-cv-02179-TNM, 2023 U.S. Dist. LEXIS 7803, at *60 (D.D.C. Jan. 17, 2023) (proof of service via State Department was sufficient to effect service and have personal jurisdiction).[2]

These five cases are just a small part of the voluminous precedent finding that service has been effectuated once the Department has transmitted the diplomatic note. The fact that China's Ministry of Foreign Affairs has refused to participate or cited sovereign immunity does not

---

[2] The Federal District Court for the District of Columbia is recognized as being particularly experienced in FSIA related litigation, since so much of it is centered there.

impact a finding that service was effectuated under the precedent, since the diplomatic note here was transmitted, served, and certified by the State Department under the FSIA. Now that PetroChina America's "roadblock" to considering service effectuated on the China Based Defendants has been removed, the Court should find that service has been effectuated on those Defendants, and enter an order reopening this matter and proceeding as the Court suggested at the end of the Status Conference.

***PetroChina America's Position.***

In the time leading up to this briefing, counsel for Plaintiffs and for PetroChina America have continued to meet and confer to find common ground in an effort to streamline this matter for the Court and the Parties. PetroChina America has advised they take no position as to this Motion but are not planning to file a response. They are not planning to file a response because Plaintiffs' position is now that the CCP be treated as a sovereign, like the PRC, in this litigation.

## CONCLUSION

Given the position of the Plaintiffs and the fact that service has been completed pursuant to § 1608(a)(4) of the FSIA, the Court should consider service on the China Based Defendants to be effectuated.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the Plaintiffs has conferred with counsel for PetroChina America (as the only Defendant to have appeared in this action) in a good faith effort to resolve the issues raised in the motion and counsel for Defendant PetroChina America have represented to undersigned that PetroChina America takes no position, but does not plan to file a response for the reasons states above.

Respectfully submitted this 18th day of October, 2023.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this October 18, 2023 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

/s/ *Matthew T. Moore*
Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159