```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF FLORIDA

                           MIAMI DIVISION

                    CASE NO. 20-80604-CIV-RKA




MORIAH AHARON, ET AL.,            .
                                  .  Miami, Florida
            Plaintiffs,           .
                                  .  October 20, 2023
            v.                    .  3:39 p.m.
                                  .
CHINESE COMMUNIST PARTY,          .
ET AL.,                           .
                                  .
            Defendants.           .
. . . . . . . . . . . . . . . . . .


                           - - - - -

               Transcript of Zoom Motion Hearing

           had before the Honorable Roy K. Altman,

                  United States District Judge.

                           - - - - -
```

Proceedings recorded by mechanical stenography, transcript produced by computer.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(305)301-3276

```
APPEARANCES:

For the Plaintiffs:   Matthew T. Moore, Esq.
                      The Law Offices of Berman & Berman, P.A.
                      P.O. Box 272789
                      Boca Raton, Florida  33427

For the Defendants:   Edward Soto, Esq.
                      Pravin R. Patel, Esq.
                      Daniel P. Guernsey, Jr., Esq.
                      Weil Gotshal & Manges
                      1395 Brickell Avenue
                      Suite 1200
                      Miami, Florida  33131

Present on Zoom:      Zach Ehrlich

Court Reporter:       Francine C. Salopek, RMR, CRR
                      Official Court Reporter
                      United States District Court
                      Wilkie D. Ferguson, Jr., U.S. Courthouse
                      400 N. Miami Avenue, Room 12-4
                      Miami, Florida 33128
                      (305)301-3276

                      - - - - -
```

```
 1                    FRIDAY, OCTOBER 20, 2023, 3:39 P.M.
 2              (The Judge entered the Zoom)
 3              THE COURT:  Aharon vs. Chinese Communist Party,
 4     20-CV-80604.
 5              Who is here for the plaintiff?
 6              You guys can bring in the defendant when they are
 7     ready, because this is by Zoom.
 8              (Discussion had off the record between the Court and
 9     room clerk)
10              THE COURT:  All right.  Sorry we're late, folks, had
11     to have an evidentiary hearing on a motion to vacate.
12              Who's here for the plaintiff?
13              MR. MOORE:  Matthew Moore, Berman Law Group, Your
14     Honor.
15              THE COURT:  All right.  Good afternoon.
16              And for the defense?
17              MR. PATEL:  Good afternoon, Your Honor.  Pravin Patel,
18     along with my colleague Ed Soto, and Dan Guernsey from Weil
19     Gotshal & Manges on behalf of Defendant PetroChina.
20              THE COURT:  Good afternoon to all of you.  Again,
21     apologies for -- that I'm late.
22              So -- okay.  I brought you in because -- let me find
23     where we are... here we are.
24              The plaintiffs filed a motion for a finding that
25     service has been effectuated, ECF Number 101.  The plaintiffs
```

1  inform us that "counsel for the plaintiffs has conferred with
2  counsel for PetroChina America (as the only defendants who have
3  appeared in this action) in a good faith effort to resolve the
4  issues raised in the motion.  And counsel for Defendant
5  PetroChina America has represented that PetroChina America
6  takes no position, but does not plan to file a response,
7  because plaintiffs' position is now that the CCP be treated as
8  a sovereign, like the PRC, in this litigation."  That's page 6
9  of the motion.
10         The plaintiffs' position is that "once the State
11  Department delivered the service documents to China's Ministry
12  of Foreign Affairs on January 18th, 2023, and certified the
13  same, then, under 18 -- excuse me -- Section 1608(a)(4), the
14  China-based defendants were to be considered served."  That's
15  page 5 of the motion.
16         And the defendant, PetroChina America, takes no
17  contrary position.  That's the motion at page 6.
18         The deadline to answer the case, of course, has long
19  since passed and the foreign defendants -- the Chinese
20  Communist Party and the People's Republic of China -- haven't
21  responded to the complaint, requested an extension of time to
22  do so, or otherwise appeared in the case at all.
23         So, I guess I'm trying to understand what it is that
24  you want from me exactly.  Because the first time I read your
25  motion, Mr. Moore, I said, okay, I'm going to grant the motion

1  by default, no one's going to oppose it, so we'll have found
2  that service was proper.  And then we'll do what?
3          So, as to the defendants who haven't appeared, I
4  figured I would direct you to file a motion for clerk's entry
5  of default, in which case you would file a motion for clerk's
6  entry of default, the clerk would enter default, then I would
7  direct you to file a motion for default final judgment
8  proceedings.
9          And then you'd file your motion for final default
10 judgment, no one would respond presumably, but I would still
11 have an independent obligation to then look through your motion
12 and decide, do we have subject matter jurisdiction, do we have
13 personal jurisdiction, and have the element -- is venue proper,
14 and have the elements of the cause of action been properly
15 established in the concrete allegations of the complaint.
16         So, that's what I was going to do, but I didn't want
17 to do that unless I was clear that that's what everybody
18 envisioned.
19         And I -- so that's A.
20         And B is:  Okay.  Now let's say that is what
21 everybody's envisioning and I do that, what happens to the
22 defendant who's here, PetroChina America?  Are we going to
23 proceed with them?  Are we not going to proceed with them?
24 What's the lifespan of this case look like at that point?
25         So, Mr. Moore, I'll start with you.

1          MR. MOORE:  Thank you, Your Honor.
2          The reason that we -- or that I understand that we
3  needed a briefing on service was because the defendant who is
4  here did represent that, because of our stance on China,
5  whether they were sovereign or not, they could not agree to a
6  statement that service had been effectuated.
7          We've been meeting and conferring, I've been reviewing
8  the case law, and I came to the conclusion that we did need to
9  treat the CCP as a sovereign, and in fact we have served them
10 as a sovereign, so that their service can be complete.
11         The next steps, I think that counsel for PetroChina
12 America has some disagreement over the next steps.  We agree
13 that the next step should be, before pretty much anything else,
14 is whether or not we have subject matter jurisdiction under the
15 FSIA, because if those two defendants do not fall into an
16 exception for finding, you know, an ability to pursue the case
17 under the FSIA, nothing else can happen.
18         THE COURT:  Against the -- nothing else can happen
19 against those two defendants, or nothing can happen against
20 anyone?
21         MR. MOORE:  Nothing can happen against those two
22 defendants.  But because the allegations of the complaint are
23 intertwined between the China-based defendants and PetroChina
24 America, I believe that we need to resolve -- and I think you
25 had mentioned it during the last hearing -- that we need to

1  resolve what's happening with these two China-based defendants.
2  And then if you find they shouldn't be here, that they are
3  immune and that there is no exception, then I'm faced with, do
4  I continue my case against PetroChina America or let them go?
5           THE COURT:  I remember that discussion.  And have you
6  decided how you would handle that?
7           MR. MOORE:  I -- it would depend on your finding of
8  whether --
9           THE COURT:  Yeah.  Let's assume -- I'm not suggesting
10 I know the answer, so I don't want you to read anything into
11 this -- but let's assume I find that the Chinese Communist
12 Party and People's Republic of China are not properly here,
13 have you decided what you do with PetroChina America?
14          MR. MOORE:  I have -- I would think that we would
15 probably end this case --
16          THE COURT:  Understood --
17          MR. MOORE:  -- but I have not --
18          THE COURT:  -- you don't need to say any more.
19          MR. MOORE:  -- authority --
20          THE COURT:  I think I get it.
21          MR. MOORE:  Yeah, yeah.
22          THE COURT:  So, now that determination of subject
23 matter jurisdiction under the procedural path I have outlined
24 should happen when you file your motion for default final
25 judgment, which would require me as an independent matter

```
 1  before I enter any judgment to go through and decide whether,
 2  among other things, there is jurisdiction.
 3          Do you agree with that, Mr. Patel?
 4          MR. PATEL:  Your Honor, I think, as Mr. Moore stated,
 5  I think if we sort of -- for efficiency and resource
 6  conservation perspective, sort of take this as a stand-alone
 7  subject matter jurisdiction immunity under the FSIA briefing as
 8  opposed to default judgment briefing, I think it will be
 9  more -- this will be a more streamline process.  Especially
10  because this isn't the traditional default judgment proceeding,
11  because the FSIA has certain rules that require you to get into
12  the merits.  You have to be able to prove that factually --
13  there's a factual basis, as well as a legal basis, that the
14  Court, based on evidence, determines that the relief that the
15  claimant is seeking can be granted.  And so I think if we break
16  it off into sovereign immunity-related FSIA briefing, it would
17  probably be a lot more streamlined.  And then based on that
18  determination, we could determine what the next steps would be,
19  Your Honor.
20          THE COURT:  Are you planning on filing anything in
21  response to whatever motion he files?
22          MR. PATEL:  We have been thinking about filing a
23  response, Your Honor, only because -- we understand we're not
24  filing obviously a response on behalf of the CCP, but the
25  FSIA-related immunity briefing has a very critical impact on
```

1  how this case could or could not proceed, as Your Honor and
2  Mr. Moore were just talking about, and so there's, you know --
3          THE COURT:  But what would you file?  That's the
4  complication from my perspective.  You're not filing for them.
5  So they say fine, that there's subject matter jurisdiction.
6  What could you file in response to that, other than an
7  opposition?
8          MR. PATEL:  That's what we would be filing, an
9  opposition, Your Honor.
10         THE COURT:  But it's an opposition on behalf of the
11 other guy?
12         MR. PATEL:  No.  No, no, Your Honor.  We would file an
13 opposition related -- we would file a response that we disagree
14 with the plaintiffs' position that there is subject matter --
15 that an exception to the FSIA applies.  And the rational being,
16 Your Honor, my client's vested interest is, if there's subject
17 matter jurisdiction, as Mr. Moore has sort of -- sorry -- if
18 there's not subject matter jurisdiction as Mr. Moore's
19 articulated, this is either a very, very different case or it
20 would be outright dismissed as it relates to my client.
21         THE COURT:  So, what you're saying is you'd rather
22 there be like a first phase that's like --
23         MR. PATEL:  Yes, Your Honor.
24         THE COURT:  -- a motion for default judgment or
25 something on the question of FSIA jurisdiction only, and then

1  you get a chance to respond, and then he replies, and then
2  maybe we have a hearing with some evidence about that, and then
3  I decide it.  And if I deny it, case is over; if I grant it,
4  then we can move to the second phase of briefing on personal
5  jurisdiction, venue, and the merits.
6          Is that sort of how you foresee it?
7          MR. PATEL:  Yes, Your Honor.
8          THE COURT:  Okay.  Mr. Moore, any problem with that
9  bifurcation?
10         MR. MOORE:  None at all, Your Honor.  I agree with
11 that.
12         THE COURT:  Okay.  So how much time do you need to
13 file your motion -- so, I'll grant your motion today then.
14 That's what I'll do.
15         So, are you objecting to him filing, Mr. Patel, a
16 motion for clerk's default, having the clerk enter default, and
17 then filing this preliminary bifurcated motion for default
18 judgment only on the question of jurisdiction?  Or how do you
19 foresee this going?
20         Because the truth is, once I find that service has
21 been effectuated, as a practical matter, we're 10 months late
22 on responding to the complaint and there's no use waiting
23 another two weeks, because I think I gather from your motion,
24 they're not showing up next week either.
25         So, the proper procedural step, it seems to me, is a

1  motion for clerk's default, which will be granted, because the
2  question there is simply a question of service.  Since I've
3  said that service was proper once I grant their motion today,
4  the clerk will have no choice basically but to grant their
5  motion for clerk's default.  I'll enter my order setting final
6  default judgment procedures, which would basically give you 14
7  days, I think, Mr. Moore -- or unless you want more -- to file
8  your motion for default judgment only on the question of
9  subject matter jurisdiction.  And then you can respond to that,
10 Mr. Patel.
11         Any issue with that as I've laid it out, Mr. Patel?
12         MR. PATEL:  Not necessarily, Your Honor.  We didn't
13 see it necessarily tied to a default judgment.  We just saw
14 this as a stand-alone --
15         THE COURT:  But it doesn't make -- that's not how any
16 other case would work, right?  Any case would work along a
17 framework of, if you've been served and you have a certain
18 amount of time to respond and you haven't, we go to clerk's
19 default and then we go to default judgment.
20         And at default judgment, I do actually -- maybe not
21 every judge does -- but I do take a rigorous look at all of
22 these, the prerequisite -- subject matter jurisdiction,
23 personal jurisdiction, venue, and the merits -- before I grant
24 final default.  I need to do that.
25         I think what you're saying is in this case, we're only

1  going to take up subject matter jurisdiction first.  I just
2  think it should be in the context of the proper procedural
3  motion, which is a motion for default judgment on the question
4  of subject matter jurisdiction.  Let's call it Phase A.
5           MR. SOTO:  Your Honor -- just to step in, Your Honor,
6  because I didn't talk last time and you mentioned it.
7           THE COURT:  I don't want you to get left out, but I do
8  have several criminal cases sitting here, so I just want to
9  move it along.
10          MR. SOTO:  Yeah.  And that is, there's a reason why we
11 took no position.  That's, you know, we are of course
12 representing a different client than the other two entities.
13          What you're asking us is, or telling us in one way is
14 that this is the procedure that you think applies.
15          From our understanding of it, yeah, I mean, we think
16 that's the procedure that tends to apply.  We can't agree, you
17 know, with any of the things underlying it, because they are
18 not our clients and we don't want to represent that and we
19 don't want to concede anything.
20          THE COURT:  I understand completely and I'm not asking
21 you to speak for them.  It's just my practice to get -- to hear
22 from everybody and get everybody's opinions and views before I
23 decide things.  So I'm just asking whether there's any
24 objection to the procedure I've laid out.  And I think
25 Mr. Moore said he doesn't object, and I think you and Mr. Patel

13

```
 1   are saying, you don't oppose it, but you also don't agree,
 2   which is good enough for me.  Is that correct?
 3             MR. PATEL:  Yes, Your Honor.
 4             THE COURT:  Okay.
 5             All right.  So I'll grant your motion, Mr. Moore.
 6   I'll direct you to file a motion for clerk's default on Monday.
 7   The clerk will probably grant that motion by Monday or Tuesday,
 8   and then I'll enter my final default judgment procedures, which
 9   I will tinker, as we've discussed, to make clear that that
10   motion will be only directed to the question of subject matter
11   jurisdiction.
12             And then the PetroChina will have a chance to
13   respond -- actually, anybody will have a chance to respond, but
14   I guess only PetroChina will respond.  And then you'll get a
15   chance to reply.
16             If I think we need evidence, I'll have a hearing where
17   I'll take evidence, and  then I'll rule, and based on our
18   ruling, we will go from there.
19             Anything else from the plaintiff, Mr. Moore?
20             MR. MOORE:  No, Your Honor.
21             So, just so I'm clear on timing, you'll enter the
22   order, I'll file the motion for clerk's default by Monday, and
23   then you're going to enter a briefing schedule for --
24             THE COURT:  Well, I'll just tell you, I have a
25   standard order that I enter once clerk's default has been
```

(305)301-3276

```
 1   entered that lays out for you your requirements for final
 2   default judgment.  And I'll enter that order as soon as the
 3   clerk's entered default.
 4           MR. MOORE:  Okay.  Understood.
 5           THE COURT:  Just know that since it's 4 o'clock and
 6   I've got three criminal hearings coming after you, there's no
 7   way this is going to get docketed today.  So, you're not going
 8   to see my order granting your motion to effectuate service
 9   until Monday, which means that the clerk may not enter
10   default -- which means that you won't have to file your motion
11   for clerk's default until you've seen that in there.  Because
12   the clerk can't enter default unless they've seen my order
13   first, obviously.
14           MR. MOORE:  Understood.
15           THE COURT:  Does that make sense?
16           MR. MOORE:  Yes, it does.
17           THE COURT:  Okay.
18           All right.  Anything else from the plaintiff then?
19           MR. MOORE:  No, Your Honor.
20           THE COURT:  Anything else from PetroChina?
21           MR. PATEL:  Nothing, Your Honor.  Thank you.
22           THE COURT:  All right, folks.  Thank you very much,
23   and have a nice weekend.
24           Again, sorry I was late.
25           MR. PATEL:  No problem.
```

```
 1            You as well, Your Honor, take care.
 2            (The Judge exited the Zoom)
 3            (Proceedings concluded at 3:55 p.m.)
 4                        - - - - -
```

                         C E R T I F I C A T E

   I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript from the record of proceedings in the above-entitled matter.

   ___/s/Francine C. Salopek_____          __10-27-2023__
   Francine C. Salopek, RMR-CRR                 Date
   Official Court Reporter

| | | |
|---|---|---|
| **MR. MOORE:** [14]<br>**MR. PATEL:** [11]<br>**MR. SOTO:** [2] 12/5 12/10<br>**THE COURT:** [28] | **amount** [1] 11/18<br>**answer** [2] 4/18 7/10<br>**apologies** [1] 3/21<br>**APPEARANCES** [1] 2/1<br>**applies** [2] 9/15 12/14<br>**apply** [1] 12/16<br>**articulated** [1] 9/19<br>**assume** [2] 7/9 7/11<br>**authority** [1] 7/19<br>**Avenue** [2] 2/6 2/11 | **critical** [1] 8/25<br>**CRR** [2] 2/9 15/24<br>**CV** [1] 3/4 |
| **/** | | **D** |
| **/s/Francine** [1] 15/23 | | **Dan** [1] 3/18<br>**Daniel** [1] 2/5<br>**Date** [1] 15/24<br>**deadline** [1] 4/18<br>**decide** [4]<br>**decided** [2] 7/6 7/13<br>**default** [32]<br>**defendant** [6]<br>**defendants** [11]<br>**defense** [1] 3/16<br>**delivered** [1] 4/11<br>**deny** [1] 10/3<br>**Department** [1] 4/11<br>**depend** [1] 7/7<br>**determination** [2] 7/22 8/18<br>**determine** [1] 8/18<br>**determines** [1] 8/14<br>**direct** [3] 5/4 5/7 13/6<br>**directed** [1] 13/10<br>**disagree** [1] 9/13<br>**disagreement** [1] 6/12<br>**discussed** [1] 13/9<br>**discussion** [2] 3/8 7/5<br>**dismissed** [1] 9/20<br>**DISTRICT** [4]<br>**DIVISION** [1] 1/3<br>**docketed** [1] 14/7<br>**documents** [1] 4/11 |
| **1** | **B** | |
| **10** [1] 10/21<br>**10-27-2023** [1] 15/23<br>**101** [1] 3/25<br>**12-4** [1] 2/11<br>**1200** [1] 2/7<br>**1395** [1] 2/6<br>**14** [1] 11/6<br>**1608** [1] 4/13<br>**18 -- excuse** [1] 4/13<br>**18th** [1] 4/12 | **basis** [2] 8/13 8/13<br>**believe** [1] 6/24<br>**Berman** [3] 2/2 2/2 3/13<br>**bifurcated** [1] 10/17<br>**bifurcation** [1] 10/9<br>**Boca** [1] 2/3<br>**Box** [1] 2/3<br>**break** [1] 8/15<br>**Brickell** [1] 2/6<br>**briefing** [7] | |
| **2** | **C** | |
| **20** [2] 1/8 3/1<br>**20-80604-CIV-RKA** [1] 1/4<br>**20-CV-80604** [1] 3/4<br>**2023** [4]<br>**272789** [1] 2/3<br>**28** [1] 15/20 | **call** [1] 12/4<br>**cause** [1] 5/14<br>**CCP** [3] 4/7 6/9 8/24<br>**certified** [1] 4/12<br>**certify** [1] 15/19<br>**chance** [4]<br>**China** [6]<br>**China's** [1] 4/11<br>**China-based** [3] 4/14 6/23 7/1<br>**CHINESE** [4]<br>**choice** [1] 11/4<br>**CIV** [1] 1/4<br>**claimant** [1] 8/15<br>**clear** [3] 5/17 13/9 13/21<br>**clerk** [7]<br>**clerk's** [11]<br>**client** [2] 9/20 12/12<br>**client's** [1] 9/16<br>**clients** [1] 12/18<br>**Code** [1] 15/20<br>**colleague** [1] 3/18<br>**COMMUNIST** [4]<br>**complaint** [4]<br>**complete** [1] 6/10<br>**complication** [1] 9/4<br>**computer** [1] 1/25<br>**concede** [1] 12/19<br>**concluded** [1] 15/3<br>**conclusion** [1] 6/8<br>**concrete** [1] 5/15<br>**conferred** [1] 4/1<br>**conferring** [1] 6/7<br>**conservation** [1] 8/6<br>**context** [1] 12/2<br>**contrary** [1] 4/17<br>**counsel** [4]<br>**COURT** [7]<br>**Courthouse** [1] 2/11<br>**criminal** [2] 12/8 14/6 | **E** |
| **3** | | **ECF** [1] 3/25<br>**Ed** [1] 3/18<br>**Edward** [1] 2/4<br>**effectuate** [1] 14/8<br>**effectuated** [3] 3/25 6/6 10/21<br>**efficiency** [1] 8/5<br>**effort** [1] 4/3<br>**Ehrlich** [1] 2/8<br>**element** [1] 5/13<br>**elements** [1] 5/14<br>**enter** [11]<br>**entities** [1] 12/12<br>**entitled** [1] 15/22<br>**entry** [2] 5/4 5/6<br>**envisioned** [1] 5/18<br>**envisioning** [1] 5/21<br>**Especially** [1] 8/9<br>**Esq** [4]<br>**established** [1] 5/15<br>**ET** [2] 1/7 1/10<br>**everybody** [2] 5/17 12/22<br>**everybody's** [2] 5/21 12/22<br>**evidence** [4]<br>**evidentiary** [1] 3/11<br>**exception** [3] 6/16 7/3 9/15<br>**excuse** [1] 4/13<br>**exited** [1] 15/2<br>**extension** [1] 4/21 |
| **301-3276** [1] 2/12<br>**305** [1] 2/12<br>**3276** [1] 2/12<br>**33128** [1] 2/12<br>**33131** [1] 2/7<br>**33427** [1] 2/3<br>**3:39** [2] 1/9 3/1<br>**3:55** [1] 15/3 | | |
| **4** | | |
| **400** [1] 2/11 | | |
| **7** | | |
| **753** [1] 15/19 | | |
| **8** | | |
| **80604** [1] 3/4 | | |
| **A** | | |
| **ability** [1] 6/16<br>**above** [1] 15/22<br>**above-entitled** [1] 15/22<br>**action** [2] 4/3 5/14<br>**Affairs** [1] 4/12<br>**afternoon** [3] 3/15 3/17 3/20<br>**agree** [6]<br>**AHARON** [2] 1/7 3/3<br>**Aharon vs. Chinese** [1] 3/3<br>**AL** [2] 1/7 1/10<br>**allegations** [2] 5/15 6/22<br>**alone** [2] 8/6 11/14<br>**Altman** [1] 1/18<br>**America** [9] | | |

**F**
**faced [1]** 7/3
**fact [1]** 6/9
**factual [1]** 8/13
**factually [1]** 8/12
**faith [1]** 4/3
**fall [1]** 6/15
**Ferguson [1]** 2/11
**figured [1]** 5/4
**file [15]**
**filed [1]** 3/24
**files [1]** 8/21
**filing [7]**
**final [7]**
**fine [1]** 9/5
**FLORIDA [5]**
**folks [2]** 3/10 14/22
**foregoing [1]** 15/20
**foreign [2]** 4/12 4/19
**foresee [2]** 10/6 10/19
**framework [1]** 11/17
**Francine [3]** 2/9 15/23 15/24
**FRIDAY [1]** 2/14
**FSIA [8]**
**FSIA-related [1]** 8/25

**G**
**gather [1]** 10/23
**Gotshal [2]** 2/6 3/19
**grant [8]**
**granted [2]** 8/15 11/1
**granting [1]** 14/8
**Group [1]** 3/13
**Guernsey [2]** 2/5 3/18

**H**
**handle [1]** 7/6
**hear [1]** 12/21
**hearing [5]**
**hearings [1]** 14/6
**hereby [1]** 15/19
**Honor [21]**
**Honorable [1]** 1/18

**I**
**I'll [13]**
**I'm [8]**
**I've [5]**
**immune [1]** 7/3
**immunity [3]** 8/7 8/16 8/25
**immunity-related [1]** 8/16
**impact [1]** 8/25
**independent [2]** 5/11 7/25
**inform [1]** 4/1
**interest [1]** 9/16
**intertwined [1]** 6/23
**issue [1]** 11/11
**issues [1]** 4/4

**J**
**January [1]** 4/12
**Jr [2]** 2/5 2/11
**judge [4]**

**judgment [16]**
**jurisdiction [18]**

**L**
**laid [2]** 11/11 12/24
**late [4]**
**law [3]** 2/2 3/13 6/8
**lays [1]** 14/1
**legal [1]** 8/13
**lifespan [1]** 5/24
**litigation [1]** 4/8

**M**
**Manges [2]** 2/6 3/19
**matter [16]**
**Matthew [2]** 2/2 3/13
**mean [1]** 12/15
**means [2]** 14/9 14/10
**mechanical [1]** 1/24
**meeting [1]** 6/7
**merits [3]** 8/12 10/5 11/23
**MIAMI [5]**
**Ministry [1]** 4/11
**Monday [4]**
**months [1]** 10/21
**Moore [12]**
**Moore's [1]** 9/18
**MORIAH [1]** 1/7
**motion [35]**
**move [2]** 10/4 12/9
**Mr. [16]**
**Mr. Moore [10]**
**Mr. Moore's [1]** 9/18
**Mr. Patel [5]**

**N**
**nice [1]** 14/23
**None [1]** 10/10
**Number [1]** 3/25
**Number 101 [1]** 3/25

**O**
**o'clock [1]** 14/5
**object [1]** 12/25
**objecting [1]** 10/15
**objection [1]** 12/24
**obligation [1]** 5/11
**October [2]** 1/8 3/1
**Offices [1]** 2/2
**Official [2]** 2/10 15/24
**one's [1]** 5/1
**opinions [1]** 12/22
**oppose [2]** 5/1 13/1
**opposed [1]** 8/8
**opposition [4]**
**order [6]**
**outlined [1]** 7/23
**outright [1]** 9/20

**P**
**P.A [1]** 2/2
**p.m [3]** 1/9 3/1 15/3
**P.O [1]** 2/3

**page [3]** 4/8 4/15 4/17
**PARTY [4]**
**passed [1]** 4/19
**Patel [7]**
**path [1]** 7/23
**People's [2]** 4/20 7/12
**personal [3]** 5/13 10/4 11/23
**perspective [2]** 8/6 9/4
**PetroChina [13]**
**phase [3]** 9/22 10/4 12/4
**plaintiff [4]**
**plaintiffs [5]**
**plaintiffs' [3]** 4/7 4/10 9/14
**plan [1]** 4/6
**planning [1]** 8/20
**point [1]** 5/24
**position [6]**
**practical [1]** 10/21
**practice [1]** 12/21
**Pravin [2]** 2/5 3/17
**PRC [1]** 4/8
**preliminary [1]** 10/17
**prerequisite [1]** 11/22
**Present [1]** 2/8
**problem [2]** 10/8 14/25
**procedural [3]** 7/23 10/25 12/2
**procedure [3]** 12/14 12/16 12/24
**procedures [2]** 11/6 13/8
**proceed [3]** 5/23 5/23 9/1
**proceeding [1]** 8/10
**proceedings [4]**
**process [1]** 8/9
**produced [1]** 1/25
**proper [5]**
**properly [2]** 5/14 7/12
**prove [1]** 8/12
**pursuant [1]** 15/19
**pursue [1]** 6/16

**Q**
**question [7]**

**R**
**raised [1]** 4/4
**rational [1]** 9/15
**Raton [1]** 2/3
**read [2]** 4/24 7/10
**ready [1]** 3/7
**record [2]** 3/8 15/21
**recorded [1]** 1/24
**relief [1]** 8/14
**remember [1]** 7/5
**replies [1]** 10/1
**reply [1]** 13/15
**Reporter [3]** 2/9 2/10 15/24
**represent [2]** 6/4 12/18
**represented [1]** 4/5
**representing [1]** 12/12
**Republic [2]** 4/20 7/12
**requested [1]** 4/21
**requirements [1]** 14/1
**resolve [3]** 4/3 6/24 7/1
**resource [1]** 8/5

**R**

respond [7]
responded [1]  4/21
responding [1]  10/22
response [6]
reviewing [1]  6/7
rigorous [1]  11/21
RKA [1]  1/4
RMR [2]  2/9 15/24
RMR-CRR [1]  15/24
room [2]  2/11 3/9
Roy [1]  1/18
rule [1]  13/17
rules [1]  8/11
ruling [1]  13/18

**S**

Salopek [3]  2/9 15/23 15/24
saw [1]  11/13
schedule [1]  13/23
second [1]  10/4
Section [2]  4/13 15/19
seeking [1]  8/15
sense [1]  14/15
served [3]  4/14 6/9 11/17
service [10]
setting [1]  11/5
soon [1]  14/2
Soto [2]  2/4 3/18
SOUTHERN [1]  1/2
sovereign [5]
stance [1]  6/4
stand [2]  8/6 11/14
stand-alone [2]  8/6 11/14
standard [1]  13/25
State [1]  4/10
stated [1]  8/4
statement [1]  6/6
STATES [4]
stenography [1]  1/24
step [3]  6/13 10/25 12/5
steps [3]  6/11 6/12 8/18
streamline [1]  8/9
streamlined [1]  8/17
subject [13]
suggesting [1]  7/9
Suite [1]  2/7

**T**

take [5]
takes [2]  4/6 4/16
talk [1]  12/6
talking [1]  9/2
tell [1]  13/24
telling [1]  12/13
tends [1]  12/16
Thank [3]  6/1 14/21 14/22
think [17]
thinking [1]  8/22
tied [1]  11/13
time [5]
timing [1]  13/21
tinker [1]  13/9

Title [1]  15/20
traditional [1]  8/10
transcript [3]  1/17 1/24 15/21
treat [1]  6/9
treated [1]  4/7
true [1]  15/20
truth [1]  10/20
Tuesday [1]  13/7

**U**

U.S [1]  2/11
underlying [1]  12/17
understand [4]
understanding [1]  12/15
Understood [3]  7/16 14/4 14/14
UNITED [4]
unless [3]  5/17 11/7 14/12
us [3]  4/1 12/13 12/13

**V**

vacate [1]  3/11
venue [3]  5/13 10/5 11/23
vested [1]  9/16
views [1]  12/22
vs. [1]  3/3

**W**

waiting [1]  10/22
week [1]  10/24
weekend [1]  14/23
weeks [1]  10/23
Weil [2]  2/6 3/18
who's [2]  3/12 5/22
Wilkie [1]  2/11
work [2]  11/16 11/16

**Y**

you'd [2]  5/9 9/21

**Z**

Zach [1]  2/8
Zoom [5]