UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;                            CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;                                CLASS ACTION
MARIANGELLA MANNING;                           JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE FSIA SUBJECT MATTER JURISDICTION BRIEFING AND/OR FOR CLARIFICATION**

Plaintiffs, by and through undersigned counsel, hereby respectfully file this Motion for an extension of time to file their initial brief on Foreign Sovereign Immunities Act (FSIA) subject matter jurisdiction, and/or for clarification of the Court's mandate to file affidavits of damages. In support thereof, Plaintiffs further state:

1. At the hearing in this matter held October 20, 2023, the Court and the Parties discussed the pre-requisites under FSIA law prior to the Court being able to enter final default judgment against the People's Republic of China (PRC) and Chinese Communist Party (CCP).

The Court and the Parties appeared to agree that the next step procedurally for this case was that Plaintiffs' initial brief would focus on the exceptions to sovereign immunity that provide the Court with subject matter jurisdiction, and would not yet reach the entry of final default judgment. As the Court stated:

> . . . and then I'll enter my final default judgment procedures, which I will tinker, as we've discussed, to make clear that that motion will be only directed to the question of subject matter jurisdiction.
>
> And then the PetroChina will have a chance to respond -- actually, anybody will have a chance to respond, but I guess only PetroChina will respond. And then you'll get a chance to reply.
>
> If I think we need evidence, I'll have a hearing where I'll take evidence, and then I'll rule, and based on our ruling, we will go from there.

(Hrg. Transcript, 10/20/23, p. 13). At the time, a briefing schedule was not discussed.

    2.    Upon the Motion for Entry of Clerk's Default as to the CCP and PRC being accepted by the Clerk, the Court entered the order for final judgment procedures on October 25, 2023, [DE 112], which gave the Plaintiffs until November 8, 2023 to file their initial brief, and which also requires "affidavits that delineate any sums certain due by the Defendants and any other supporting documentation which might be necessary to determine the Plaintiffs' measure of damages."

    3.    The Order raised two issues which Plaintiffs address here. First, after consulting with one of Plaintiffs' FSIA jurisdiction experts, Plaintiffs request additional time up to and including December 7, 2023 to file their initial brief. Subject matter jurisdiction under the FSIA and how the PRC and CCP may fall into its exceptions, is a complex area of law and this case presents complex issues.

4. Plaintiffs also seek the additional time due to the intervening Thanksgiving holiday which also coincides with undersigned's long planned ten day trip outside the country and to the Arctic Circle, which will make it more difficult to communicate and confer.

5. Second, due to the way that FSIA cases have proceeded under FSIA precedent, Plaintiffs are unable to provide coherent and analytic affidavits of damages at this time. Moreover, the issue of damages is further complicated by this action being brought both under the FSIA and as a class (or mass tort) with a claimant pool potentially into the millions. There will likely need to be class determinations, and expert testimony and reports as to class or mass damages, as well as for FSIA purposes, before those numbers can be properly asserted and addressed.

6. As the Court recognized at the last hearing, the Court will need to be satisfied it has personal jurisdiction and subject matter jurisdiction in order to proceed towards a default final judgment, and these are just two of the threshold steps under the FSIA. In a default situation, a court must establish:

> (1) the Court has subject matter jurisdiction over the claims, (2) personal jurisdiction is properly exercised over the defendants, (3) the plaintiffs have presented satisfactory evidence to establish their claims against the defendants, and (4) the plaintiffs have satisfactorily proven that they are entitled to the monetary damages they seek.

*Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 75 (D.D.C. 2017); *see also* 28 U.S.C. § 1608(e).

7. The final requirement has been shown to be the provenance of experts, and in many cases has required separate proceedings with a special master. *See, e.g., Hammons v. Islamic Republic of Iran*, Case Nos.: 19-cv-2518, 20-v-102023, 2023 U.S. Dist. LEXIS 163087, slip op. at *18 (D.D.C. July 24, 2023).

8. Thus, respectfully, the first step appears to require we address subject matter jurisdiction, and then if the Court finds it exists, we may proceed to address the merits (in the context of default under the FSIA), and entitlement to damages, at which point (if favorable for the Plaintiffs) a default final judgment may be entered.

9. As of the time of this filing the parties are still meeting and conferring and counsel for PetroChina America is still conferring with their client, and their position is unknown. However, it is believed that PetroChina America will advise undersigned and the Court of its position in a timely manner.

10. This motion is made in the interest of justice and not for the purposes of delay and should not prejudice any of the parties to this action.

11. A Proposed Order is attached.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this Unopposed Motion for Extension of Time up through and including December 7, 2023, and/or a clarification of the need for damages affidavits; and for such other relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Prior to filing this Motion and pursuant to this Court's Local Rules, counsel for Plaintiffs has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Defendant PetroChina has advised is still conferring with their client, and their position is unknown as of this filing.

Respectfully submitted this 3rd day of November, 2023.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**

P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this November 3, 2023 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

                                              */s/ Matthew T. Moore*
                                              Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159