UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;                         CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;                             CLASS ACTION
MARIANGELLA MANNING;                        JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

**PLAINTIFFS' MOTION FOR THE COURT TO FIND
SUBJECT MATTER JURISDICTION UNDER THE F.S.I.A.
FOR THE PURPOSES OF DEFAULT FINAL JUDGMENT**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................................... ii
Table of Authorities ...................................................................................................................... ii
Rules & Statutes ............................................................................................................................ ii
Preliminary Statement ....................................................................................................................1
Memorandum of Law in Reply ......................................................................................................2
I.   Plaintiffs' Substantially Similar Factual Arguments on the Subject of PPE Hoarding Were Accepted by the Eighth Circuit for These Same Purposes ............................................4
II.  The Response Ignores Plaintiffs' Argument That Alleged Acts Within the United States Also Allow for Finding a Commercial Activity Exception ....................................................6
III. The Tortious Conduct Exception Applies to Defendants' Acts ..............................................6
Conclusion ......................................................................................................................................7
Certificate of Service ......................................................................................................................8

# TABLE OF AUTHORITIES

*Mantin v. Broad Music, Inc.*, 248 F.2d 530 (9th Cir. 1957) .........................................................3
*Mo. ex rel. Bailey v. People's Republic of China*, 90 F.4th 930 (8th Cir. 2024) ................ *passim*
*Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578 (D. Md. 2016) ..........................................3
*Shultz v. Nomac Drilling, L.L.C.*, No. 17-cv-169-R, 2017 U.S. Dist. LEXIS 106564, (W.D. Okla. July 11, 2017) ...................................................................................................3

# RULES & STATUTES

Foreign Sovereign Immunities Act of 1976 (FSIA) 28 U.S.C. 1602 *et seq.* ..................................1
28 U.S.C. § 1603(b) ........................................................................................................................5
28 U.S.C. § 1605(a)(2) ..............................................................................................................1,5,6

Plaintiffs, by and through undersigned counsel, hereby respectfully reply to Defendant PetroChina International (America), Inc.'s ("PetroChina America") opposition to find subject matter jurisdiction under Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq*. (FSIA), for the purposes of an eventual entry of default final judgment against Defendants Chinese Communist Party (CCP) and the People's Republic of China (PRC). In support thereof, Plaintiffs further state:

## PRELIMINARY STATEMENT

PetroChina America's Response is interesting in multiple ways. First and foremost, it tries to sidestep the Eighth Circuit's on-point recent decision reversing a district court's determination that the State of Missouri could not adequately allege an exception to sovereign immunity as to China's hoarding of PPE and a direct effect in the United States. *See Mo. ex rel. Bailey v. People's Republic of China*, 90 F.4th 930, slip op. at *15–*16 (8th Cir. Jan. 10, 2024)[1] It should be noted that Missouri filed its complaint after Plaintiffs were first to file such an action in the U.S., and Missouri's factual allegations are strikingly similar to Plaintiffs'. Second, PetroChina America is responding on behalf of two absent sovereign Defendants, and also maintaining this Court has no jurisdiction over it. How does it have standing to respond on behalf of the CCP and the PRC, while having expressly distanced themselves from those entities during hearings (and also ignoring the fact that PetroChina America has been registered to do business in Florida since 2007)? If the company can speak on behalf of the sovereign Defendants, then is it declaring itself an arm of the sovereign before this Court?

Third, the opposition contains phrases such as "[n]early all the alleged misconduct occurred

---

[1] In the time since the Response was filed, the case has been published, and is therefore at least sets up a conflict of decisions. But because the case was just published and the published reporter's pin cites are not yet available, Plaintiffs will pin cite using the slip opinion page numbering.

abroad, not in the United States." (Resp. at 2). That is an express admission that "some" misconduct must have occurred in the United States, and implicit concession that Plaintiffs' allegations are meritorious. Fourth, the Response attempts to argue that concealing and failing to contain the pandemic is discretionary sovereign activity, and since there would be no PPE hoarding without the sovereign activity, the hoarding conduct cannot stand alone. That is frankly illogical. It is like saying when a quarterback throws a ball, it is always caught by the receiver. We know that is not true. There was a pandemic and China failed to stop it when it could have done so. There were also the separate and distinct acts of hoarding and market manipulation as to PPE by the market leader, and those are the gravamen of Plaintiffs' claims, as the Amended Complaint makes clear. The *Missouri* court correctly saw the distinction. And while it may not be completely clear when the hoarding of PPE actually started, the allegations are clear that it started well prior to United States' declaration of a national emergency on March 13, 2020, and the mushrooming of cases and need for PPE here in the U.S.

As the Eighth Circuit just ruled, the acts alleged in the Amended Complaint were taken in connection with commercial activities that had a direct effect in the United States. Furthermore, the tortious conduct exception applies. This Court should find it has subject matter jurisdiction over the Defendants.

**MEMORANDUM OF LAW IN REPLY**

Candidly, Plaintiffs have wondered how PetroChina America was going to "thread the needle" in its opposition and respond without it actually being written as a response for the absent Defendants. But a fair reading of the Response clearly shows it for what it really is: a response

on behalf of the CCP and PRC.[2] It is well understood that one defendant lacks standing to speak for absent or non-moving defendants. *See*, *e.g.*, *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 585 n.10 (D. Md. 2016) (citing *Mantin v. Broad. Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957) (holding that moving defendants lacked standing to seek dismissal of complaint as to non-moving defendants); *Shultz v. Nomac Drilling, L.L.C.*, No. 17-cv-169-R, 2017 U.S. Dist. LEXIS 106564, slip op. at *4 (W.D. Okla. July 11, 2017) ("It is generally accepted that parties lack standing to seek dismissal of parties other than themselves."). At the October 20, 2023 hearing, opposing counsel made clear that they had taken no position as to the Court's procedural direction on the CCP and PRC questions, because they are "representing a different client than the other two entities," and "they are not our clients and we don't want to represent that."[3]

While PetroChina America justifies its response upon claims that the order on this briefing is case dispositive to as to their client because Plaintiffs have said it is, that is simply not true. In fact, undersigned was careful to not concede that at the last hearing and the Court understood Plaintiffs' position that whether or not Plaintiffs would proceed against PetroChina America would depend on the Court's ruling to this preliminary briefing.[4]

Plaintiffs respectfully posit that the Court should disregard PetroChina America's arguments on behalf of the two absent Defendants, but if the Court disagrees, Plaintiffs reply below.

---

[2] PetroChina America also makes time for an argument that the Court has no personal jurisdiction over it, even though that is not the subject of this briefing and an argument for another day. But a starting point for the Court's determination of jurisdiction over the company (at the appropriate time) must start with the fact that PetroChina America has been registered to do business in Florida since 2007. *See* PetroChina International (America) Inc.'s filings with the Florida Secretary of State at sunboz.org.
[3] *See* Exhibit 1, October 20, 2023 Hearing Transcript (excerpt), at 12:10–18.
[4] *See* Exhibit 1, (excerpt), at 7:7–21.

3

### I. Plaintiffs' Substantially Similar Factual Arguments on the Subject of PPE Hoarding Were Accepted by the Eighth Circuit for These Same Purposes.

As stated above, PetroChina America is responding for the CCP and PRC about how those entities conducted themselves, which is inappropriate. But aside from that, it is well accepted that in making a determination of subject matter jurisdiction under the FSIA, in a situation such as here with absent Defendants, that allegations of a plaintiff's complaint must be accepted as true. *Missouri*, *supra*, at *3. The Response focuses on the allegations of the CCP and PRC actively concealing the truth about COVID-19 and incorrectly extrapolates those to mean without the pandemic, there could be no market manipulation, and therefore no actionable damages to Plaintiffs. But the fact is there was a pandemic, and there also was (alleged) hoarding of PPE. The conduct of how each of those events came about and caused harm are factually distinct. Contrary to the Response's argument, the allegations of China's concealment and failure to contain the virus are *indeed* the backdrop for the central tenet of the Amended Complaint: *China acted as a market participant and engaged in commercial activity as to the PPE market that harmed Plaintiffs*.[5]

PetroChina's attempts to downplay the Eighth Circuit's *Missouri* decision are hollow. It summarily states without support that the *Missouri* court improperly addressed the allegations and failed to consider the overall context. Considering the *Missouri* court was examining factual allegations much the same as Plaintiffs', that is hard to imagine and strange to argue since the *Missouri* court clearly examined all of the allegations and made findings the CCP and PRC would

---

[5] PetroChina America's factual rebuttal also seems to assume that Plaintiffs must prove their allegations at this juncture, which is not true. They just need to be plausible. *See Missouri*, *supra*, at *15. Plaintiffs have alleged many different types of market conduct and different harms, including economic harms.

welcome if this case were not about the hoarding of PPE. *See*, *e.g.*, *Missouri* at *8.[6]  *Missouri's* determinations on hoarding of PPE are on point:

> The hoarding claim is different. It takes aim at the "production, purchasing, and import and export of medical equipment, such as personal[-]protective equipment ('PPE'), used in COVID-19 efforts." One allegation is that the defendants hoarded masks and then sold lower-quality equipment in the United States. The other is that China "t[ook] over factories that ma[de] masks on behalf of American companies," which essentially halted the export of high-quality masks to the United States. Together, they identify classic anticompetitive behavior, except on a country-wide scale.
> The defendants' anticompetitive actions were commercial in "nature." 28 U.S.C. § 1603(b). . . .
> \* \* \*
> Given [the Supreme Court's] guidance, what we can say at this point is that Missouri has plausibly *alleged* that the defendants' anticompetitive behavior had "a direct effect in the United States." 28 U.S.C. § 1605(a)(2).
> \* \* \*
> Missouri's overarching theory is that China leveraged the world's ignorance about COVID-19. One way it did so was by manipulating the worldwide personal-protective-equipment market. Missouri must still prove it, but it has alleged enough to allow the claim to proceed beyond a jurisdictional dismissal on the pleadings.

*Missouri*, at *15–*16.

Once again, the Response speaks to just one alleged fact (the take-over of U.S. Company owned factories on its soil (Resp. at 13)) to argue that Eleventh Circuit precedent completely counters *Missouri* because it was a "taking," while completely ignoring the plethora of other alleged private market conduct by China as to PPE.  It is intellectually disingenuous to address only some of the facts.  The Response further claims that *Missouri* got it wrong because that court removed immunity based on China's actions within its own borders. (Resp. at 14).  A fair reading of its hoarding section demonstrates the court was looking at actions related to PPE outside China's borders.  In making its arguments, the Response is continually selective about the Amended

---

[6] Plaintiffs certainly take issue with part of the *Missouri* court's analysis, but Plaintiffs here are focused on PPE hoarding, and not the general harms caused to the populace at large.

5

Complaint's factual allegations it addresses, which again implies that Plaintiffs' other allegations support a meritorious motion. The Response's case law does not defeat Plaintiffs' Motion when all of the factual allegations are considered in the correct context, and the *Missouri* opinion is fairly considered.

II. **The Response Ignores Plaintiffs' Argument That Alleged Acts Within the United States Also Allow for Finding a Commercial Activity Exception.**

In Section II, A, 4 of the Motion, Plaintiffs also argue that the allegations of China's actions within the United States qualify for a finding of an exception under the clause of § 1605(a)(2) — "or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere." While the Response, if it had expressly addressed this point, likely would have gone back to its argument that PPE hoarding as a commercial activity (no matter where it occurred) could only flow from China's sovereign acts, *Missouri* clearly found otherwise and the Amended Complaint is replete with allegations of specific acts of hoarding in the U.S. (Motion at 13; *see also*, *e.g.*, FAC ¶¶ 174-175; Count VI).

In sum, the Court should find that Plaintiffs have plausibly alleged that the commercial activity exception to sovereign immunity applies here and find subject matter jurisdiction.

III. **The Tortious Conduct Exception Applies to Defendants' Acts**

The Response mis-characterizes Plaintiffs' arguments for the tortious conduct exception. Like the Response's "nearly all" argument actually conceding that at least some conduct did occur in the U.S., here the Response argues that Plaintiffs' statement that the alleged scheme "was principally abroad" means "all." "Principally" does not and cannot mean "all." Yet the Response's argument inexplicably states that it must. (*See* Resp. at 19). Plaintiffs alleged non-discretionary acts by agents of China, and stands by its arguments for this exception. As Plaintiffs originally argued: China's acts are not shielded here because market manipulation does not involve policy

6

Case No. 20-CV-80604-RKA

analysis, social wisdom, political practicability or economic expediency.

## CONCLUSION

Even if PetroChina's arguments on behalf of absent defendants can be considered, the Response's arguments do not overcome the presumption that Plaintiffs' arguments are true at this juncture. The Court may and should find that China's conduct as to the hoarding and market manipulation of PPE falls within the commercial activity exception and/or the tortious conduct exception of the FSIA for the purposes of finding the Court has subject matter jurisdiction at this juncture and the case may proceed to next steps.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court find that it has subject matter jurisdiction under the FSIA; and for such other relief as the Court deems just and proper.

Respectfully submitted this 12th day of February, 2024.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**

P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201

By: */s Matthew T. Moore*
Matthew T. Moore, Esq.
Fla. Bar No. 70034
Primary: service@thebermanlawgroup.com
Secondary: mmoore@thebermanlawgroup.com

Case No. 20-CV-80604-RKA

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 12th day of February, 2024 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

*/s/ Matthew T. Moore*
Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Edward Soto
edward.soto@weil.com
Pravin R. Patel
pravin.patel@weil.com

Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159