# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF FLORIDA

                            MIAMI DIVISION

                     CASE NO. 20-80604-CIV-RKA


MORIAH AHARON, ET AL.,           .
                                 . Miami, Florida
            Plaintiffs,          .
                                 . October 20, 2023
         v.                      . 3:39 p.m.
                                 .
CHINESE COMMUNIST PARTY,         .
ET AL.,                          .
                                 .
            Defendants.          .
. . . . . . . . . . . . . . . . .

                             - - - - -

                  Transcript of Zoom Motion Hearing

             had before the Honorable Roy K. Altman,

                    United States District Judge.

                             - - - - -




    Proceedings recorded by mechanical stenography, transcript
    produced by computer.
```

```
APPEARANCES:

For the Plaintiffs:   Matthew T. Moore, Esq.
                      The Law Offices of Berman & Berman, P.A.
                      P.O. Box 272789
                      Boca Raton, Florida  33427

For the Defendants:   Edward Soto, Esq.
                      Pravin R. Patel, Esq.
                      Daniel P. Guernsey, Jr., Esq.
                      Weil Gotshal & Manges
                      1395 Brickell Avenue
                      Suite 1200
                      Miami, Florida  33131

Present on Zoom:      Zach Ehrlich

Court Reporter:       Francine C. Salopek, RMR, CRR
                      Official Court Reporter
                      United States District Court
                      Wilkie D. Ferguson, Jr., U.S. Courthouse
                      400 N. Miami Avenue, Room 12-4
                      Miami, Florida 33128
                      (305)301-3276

                          - - - - -
```

1  resolve what's happening with these two China-based defendants.
2  And then if you find they shouldn't be here, that they are
3  immune and that there is no exception, then I'm faced with, do
4  I continue my case against PetroChina America or let them go?
5        THE COURT: I remember that discussion. And have you
6  decided how you would handle that?
7        MR. MOORE: I -- it would depend on your finding of
8  whether --
9        THE COURT: Yeah. Let's assume -- I'm not suggesting
10 I know the answer, so I don't want you to read anything into
11 this -- but let's assume I find that the Chinese Communist
12 Party and People's Republic of China are not properly here,
13 have you decided what you do with PetroChina America?
14       MR. MOORE: I have -- I would think that we would
15 probably end this case --
16       THE COURT: Understood --
17       MR. MOORE: -- but I have not --
18       THE COURT: -- you don't need to say any more.
19       MR. MOORE: -- authority --
20       THE COURT: I think I get it.
21       MR. MOORE: Yeah, yeah.
22       THE COURT: So, now that determination of subject
23 matter jurisdiction under the procedural path I have outlined
24 should happen when you file your motion for default final
25 judgment, which would require me as an independent matter

1  going to take up subject matter jurisdiction first.  I just
2  think it should be in the context of the proper procedural
3  motion, which is a motion for default judgment on the question
4  of subject matter jurisdiction.  Let's call it Phase A.
5          MR. SOTO:  Your Honor -- just to step in, Your Honor,
6  because I didn't talk last time and you mentioned it.
7          THE COURT:  I don't want you to get left out, but I do
8  have several criminal cases sitting here, so I just want to
9  move it along.
10          MR. SOTO:  Yeah.  And that is, there's a reason why we
11  took no position.  That's, you know, we are of course
12  representing a different client than the other two entities.
13          What you're asking us is, or telling us in one way is
14  that this is the procedure that you think applies.
15          From our understanding of it, yeah, I mean, we think
16  that's the procedure that tends to apply.  We can't agree, you
17  know, with any of the things underlying it, because they are
18  not our clients and we don't want to represent that and we
19  don't want to concede anything.
20          THE COURT:  I understand completely and I'm not asking
21  you to speak for them.  It's just my practice to get -- to hear
22  from everybody and get everybody's opinions and views before I
23  decide things.  So I'm just asking whether there's any
24  objection to the procedure I've laid out.  And I think
25  Mr. Moore said he doesn't object, and I think you and Mr. Patel

```
 1          You as well, Your Honor, take care.
 2              (The Judge exited the Zoom)
 3              (Proceedings concluded at 3:55 p.m.)
 4                      - - - - -
```

18                          C E R T I F I C A T E

19      I hereby certify that pursuant to Section 753,

20   Title 28, United States Code, the foregoing is a true and

21   correct transcript from the record of proceedings in the

22   above-entitled matter.

23
         /s/Francine C. Salopek                    10-27-2023
24   Francine C. Salopek, RMR-CRR                  Date
     Official Court Reporter
25