UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MORIAH AHARON;
JORDAN G. KUPPINGER, M.D.;
DAMON J. DETESO, M.D.;
ROSANNA CARUSO;
CHRISTOPHER PAYTON;          CASE NO. 9:20-cv-80604-RKA
LEE ANGIOLETTI;              CLASS ACTION
MARIANGELLA MANNING;         JURY TRIAL DEMANDED
LYNNORA VASQUEZ; and
REBECCA MADDEN, each on
behalf of themselves, and all those
similarly situated,

Plaintiffs,

v.

CHINESE COMMUNIST PARTY;
PEOPLE'S REPUBLIC OF CHINA; and
PETROCHINA INTERNATIONAL
(AMERICA), INC.

Defendants.
_____/

**PLAINTIFFS' RESPONSE TO OBJECTIONS BY PETROCHINA
TO THE MAGISTRATE'S REPORT AND RECOMMENDATION
<u>REGARDING SUBJECT MATTER JURISDICTION PURSUANT TO F.S.I.A.</u>**

Plaintiffs, by and through undersigned counsel, hereby respectfully file this Response to Defendant PetroChina International (America), Inc.'s ("PetroChina") Objection [D.E. 135], to Magistrate Judge Reinhart's Report and Recommendation (the "Report"), [DE 130], as to finding, at least partially, that the Court has subject matter jurisdiction under the Foreign Sovereign

Immunities Act of 1976, 28 U.S.C. § 1602, *et seq*. ("FSIA").  In support thereof, Plaintiffs further state:

## PRELIMINARY STATEMENT

*PetroChina Continues to Improperly Make Arguments on Behalf of the Foreign Defendants*

Once again, PetroChina is arguing/objecting on behalf of, and in the shoes of, Co-Defendants Chinese Communist Party (the "CCP") and the People's Republic of China (the "PRC") (collectively the CCP and PRC are referred to herein as the "Foreign Defendants").  To be clear, the Foreign Defendants have not appeared here, hence the basis of Plaintiffs' original motion for default and what has followed in this case and briefing.  PetroChina denies they are arguing on the Foreign Defendant's behalf, and states that it is only presenting facts.  But that is simply not true.  Although the Objection is replete with similar examples, in one passage it states:

> Here, any alleged PPE stockpiling occurred in the context of the Foreign Defendants' handling of a global pandemic. All actions allegedly taken by the Foreign Defendants were in response to a fast-moving, unknown, and unprecedented situation from which national authorities around the world were trying to protect their citizens, while also seeking to avoid panic and economic collapse. (Objection at 11).

(Objection at 11).  They claim not be arguing in the shoes of the Foreign Defendants, yet, they are entirely speaking for the Foreign Defendants and making first person, first-hand knowledge arguments — something which they supposedly do not have.  Indeed, a review of the Objection reveals only one section that appears to be about PetroChina: its objection to the Magistrate declaring them an instrumentality of the Foreign Defendants. (Objection at 5-6). It bears repeating that one defendant lacks standing to speak for absent or non-moving defendants. *See*, *e.g.*, *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 585 n.10 (D. Md. 2016) (citing *Mantin v. Broad. Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957) (holding that moving defendants lacked standing to seek dismissal of complaint as to non-moving defendants); *Shultz v. Nomac*

*Drilling, L.L.C.*, No. 17-cv-169-R, 2017 U.S. Dist. LEXIS 106564, slip op. at *4 (W.D. Okla. July 11, 2017) ("It is generally accepted that parties lack standing to seek dismissal of parties other than themselves.").[1] PetroChina's Objection is in almost all ways an improper Objection on behalf of the non-appearing and defaulted Foreign Defendants, and should be seta aside since they lack standing to seek dismissal of the Foreign Defendants.

*PetroChina Again Misstates Plaintiffs' Positions and Arguments*

Based on the descriptions of some of the potential named class members and some cherry picked allegations from a 56 page, 226 numbered paragraphs long Amended Complaint, PetroChina again tries to ignore the gravamen of the Amended Complaint: The hoarding of, and attempt to corner the market for the PPE was an illegal act under U.S. law, and against a background of other damaging acts, injured Plaintiffs and those similar situated.

*The Alleged Conduct was Connected to a Commercial Activity and Did Have a Direct Effect*

As more fully stated below, Plaintiffs' arguments are fundamentally based on longstanding Supreme Court precedent and not just the subsequent interpretation by any of the Circuit Courts of Appeal. Moreover, the underlying briefing here was based on Judge Altman's step by step approach to this case – that the Court is taking it one step at a time before re-opening this case. There has been discovery, no initial disclosures, no sworn testimony. The Plaintiffs have not yet

---

[1] At the October 20, 2023 hearing, PetroChina's counsel made clear that they had taken no position as to the Court's procedural direction on the CCP and PRC questions, because they are "representing a different client than the other two entities," and "they are not our clients and we don't want to represent that." *See* October 20, 2023 Hearing Transcript, at 12:10–18.

3

had that opportunity and so the inquiry here has been limited to the allegations of the Amended Complaint and the law.

***Missouri ex rel. Bailey's Findings as to the PPE Is on Point***

The Magistrate relied on *Missouri. ex rel. Bailey v. People's Republic of China*, 90 F.4th 930 (8th Cir. 2024) in making his Report and Recommendation. As Plaintiffs pointed out in their initial motion for the Court to find it has subject matter jurisdiction, *Missouri* was filed after undersigned filed its two COVID related class actions, and the allegations of the *Missouri* complaint are striking similar to Plaintiffs here. Indeed, the Attorney General of Missouri is starting a bench trial against China today for this same conduct because of the Eighth Circuit's ruling. *Missouri* is not some hollow, outlier opinion. Moreover, it is paradoxical that PetroChina argues that a published decision from the Eighth Circuit cannot be persuasive authority in the Eleventh Circuit, especially where the Eleventh Circuit appears to have not published a similar case on point.

The Magistrate correctly decided that Counts VI through IX of the Amended Complaint could stand.

## I.   RESPONSE TO OBJECTION ONE; PETROCHINA'S STATUS.

Plaintiffs alleged in their Amended Complaint that PetroChina is a New Jersey corporation, and a "subsidiary of China-state owned PetroChina International Co., Ltd." (Am. Compl. ¶ 20). Plaintiffs did not make any particular allegation as to whether PetroChina was an instrumentality of the Foreign Defendants, but certainly did allege that PetroChina acted at the beck and call of the Foreign Defendants. If PetroChina is correct, that under the statute, they do not meet all of the requirements for being an instrumentality, it only appears to bolster the argument by Plaintiffs that PetroChina is improperly standing in the shoes of the Foreign Defendants, and does not have the

4

standing to seek the dismissal of this action against them. If it is incorrect, PetroChina, and it is counsel, have still stated on the record in this matter that they do not and cannot speak for the Foreign Defendants.[2]

## II. RESPONSE TO OBJECTION TWO; THE COMMERCIAL ACTIVITY EXCEPTION APPLIES.

PetroChina appears to argue mainly that Plaintiffs and the Magistrate are ignoring Eleventh Circuit precedent. That is not true. First, Plaintiffs clearly relied on much of the same Eleventh Circuit case law that PetroChina relies upon. (*Compare*, *e.g.*, Obj. at 7, *with* Mot. to Find Subject Matter Juris.[3] at 10 (each favorably citing *Guevara v. Republic of Peru*, 608 F.3d 1297, 1301 (11th Cir. 2010). Moreover, as a reminder, Plaintiffs' Original Motion set forth the standard for finding the commercial activity exception from an Eleventh Circuit opinion:

> To invoke jurisdiction under this clause, "(1) the lawsuit must be based upon an act that took place outside the territory of the United States; (2) the act must have been taken in connection with a commercial activity; and (3) the act must have caused a direct effect in the United States." *Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1224 (11th Cir. 2018) . . . .

(Pls' Orig. Mot. at 7). Indeed, Plaintiff relied substantially on *Devengoechea* for the next several pages to argue for the exception, as well as Supreme Court precedent, among others. (*See id.* at 7-10). But PetroChina attempts to argue that the "in connection with a commercial activity" element must be more narrowly construed than Plaintiffs and the Magistrate state — based on a *Second Circuit* opinion, defeating its own arguments about relying on the Eleventh Circuit. (*See* Obj. at 7, citing *Garb v. Rep. of Poland*, 440 F.3d 579 (2nd Cir. 2006)).

---

[2] *See* footnote 2, *supra.*
[3] For ease of reference, Plaintiffs will refer to that Motion as "Plaintiffs' Original Motion" from here onwards.

5

Next, PetroChina cites to *Sequeira v Republic of Nicaragua*, 815 **F. App'x** 345, 348-9 (11th Cir. 2020), to argue that the Magistrate ignored Eleventh Circuit *precedent*. (Obj. at 8, emphasis added). Federal Appendix cases, which are no longer even compiled, are non-binding.[4] Nevertheless, even if *Sequeira* could be found to be persuasive, it is clearly not on point. The offending conduct all took place in Nicaragua, and the plaintiff appears to have made some tenuous claim that because the offenders also, and unrelated to the plaintiff's claims, sold meat in the U.S., the court should find subject matter jurisdiction. *Sequeira* at 348. There are no tenuous allegations about conduct in the United States here. The Amended Complaint speaks directly to (improper) commercial conduct taking place in the United States at the hands of Defendants. PetroChina includes an immediate secondary cite to *Chisholm & Company v. Bank of Jamaica*, 643 **F. Supp**. 1393, 1401 (S.D. Fla. 1986), which is also not binding. Moreover, *Chisolm* speaks to briefing such as the briefing undertaken here (that there is or is not subject matter jurisdiction under FSIA) in the context of a "motion to dismiss" where the facts of the complaint must be taken as true. *Id.* at fn1. Furthermore, the *Chisolm* court did not fully dismiss the complaint there, because some acts by the sovereign were tied to acts in the United States and/or had a direct effect in the United States. *Id.* at 1401-02.

Finally, PetroChina's citation to *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1177 (11th Cir. 2011) does not reveal any Eleventh Circuit precedent that was abrogated by the Magistrate. A review of *Odyssey* demonstrates that the Court would not find the commercial activity exception because the shipwreck at issue was a Spanish Navy vessel, and therefore was a sovereign vessel. *See id.* Moreover, at the time of the sinking it was being used to

---

[4] *See* Eric Berg, *Pour One Out for the Federal Appendix*, Oct. 24, 2022, RIPS Law Librarian Blog, *available at*: https://ripslawlibrarian.wordpress.com/2022/10/24/pour-one-out-for-the-federal-appendix/.

safeguard passage because of war or threatened war. The case is not on point to Plaintiffs' claims at all.

The Magistrate looked at the Amended Complaint and the conduct complained of as a whole and relied on sound case law, *Missouri*, which itself relied on sound case law such as *Repub. of Argentina v. Weltover Inc.,* 504 U.S. 607 (1992). (*E.g.*, R&R at 12). Indeed, the Magistrate's citations to *Missouri* continue to include *Missouri's* citations to *Weltover* and other opinions belie PetroChina's stance that the Magistrate solely relied on *Missouri*. (Obj. at 8). Moreover, as PetroChina itself states, "'[u]nder the FSIA, [n]o judgment by default shall be entered . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence **satisfactory to the court**. 28 U.S.C. § 1608(e)'" (different emphasis added). The Magistrate, at least at this stage of the proceedings, was satisfied by Plaintiffs' allegations. Furthermore, all we have at this stage is the Amended Complaint. No other facts have been presented or discovered due to the preliminary stage of these proceedings.

PetroChina takes issue with the Magistrate separating Counts VI through IX for his findings, (Obj. at 10), by repeating its argument from its response to Plaintiffs' Original Motion: "If there were no COVID-19, the alleged stockpiling would have resulted in no harm." (*Id.*). Plaintiff thus repeats its reply to that argument.

> It is like saying when a quarterback throws a ball, it is always caught by the receiver. We know that is not true. There was a pandemic and China failed to stop it when it could have done so. There were also the separate and distinct acts of hoarding and market manipulation as to PPE by the market leader, and those are the gravamen of Plaintiffs' claims, as the Amended Complaint makes clear. The *Missouri* court (and the Magistrate) correctly saw the distinction. And while it may not be completely clear when the hoarding of PPE actually started, the allegations are clear that it started well prior to United States' declaration of a national emergency on March 13, 2020.
>
> (Pls' Reply at 2).

7

Furthermore, PetroChina's several peculations about whether or not the price of PPE rose is, or various other scenarios, are of no moment. (Obj. at 13-14). Plaintiffs chiefly complain about the shortage of PPE due to Defendants' conduct. Plaintiffs also included many allegations of how the scheme purportedly worked. (*See generally,* Am. Compl ¶¶ 139-156).

In short, Plaintiffs stand by their briefing, including their Original Motion for a finding of subject matter jurisdiction under the FSIA [D.E. 116], their Reply [D.E. 127], and Report and Recommendation of the Magistrate [DE 130], as to Counts VI through IX of the Amended Complaint, and incorporate them here by reference.

1. **Alternatively, the commercial activity exception applies because of acts by Defendants within the United States.**

Plaintiffs remind the Court that alternatively, given the additional conduct alleged by Plaintiffs to have taken place within the United States by agents and representatives of the Foreign Defendants, the second clause of § 1605(a)(2) — "or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere" — also applies here. Courts look to whether the alleged acts of commercial activity in the U.S. are sufficient in and of themselves to form the basis for a cause of action. *Lempert v. Republic of Kazakstan*, 223 F. Supp. 2d 200, 203 (D.D.C. 2002) (citing *Zedan v. Kingdom of Saudi Arabia*, 849 F.2d 1511, 1514 (D.C. Cir. 1988)). Here, Plaintiffs allege that Defendants acted to buy up any and all available supplies of PPE in the U.S., which in and of itself, caused shortages of PPE in the U.S., thereby causing Plaintiffs' injuries and damages, and forming the basis of their causes of action. (*See, e.g.*, FAC ¶¶ 174-175; Count VI).

## CONCLUSION

Plaintiffs stand by their briefing, including their Original Motion for a finding of subject matter jurisdiction under the FSIA [D.E. 116], their Reply [D.E. 127], and Report and

Recommendation of the Magistrate [DE 130], as to Counts VI through IX of the Amended Complaint, and incorporate them here by reference. PetroChina's objection should be overruled.

Respectfully submitted this 27th day of January, 2025.

        **THE LAW OFFICES OF**
        **BERMAN & BERMAN, P.A.**
        P.O. Box 272789
        Boca Raton, FL 33427
        Telephone: (561) 826-5200
        Fax: (561) 826-5201

        By:  */s Matthew T. Moore*
        Matthew T. Moore, Esq.
        Fla. Bar No. 70034
        Primary: service@thebermanlawgroup.com
        Secondary: mmoore@thebermanlawgroup.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
*MORIAH AHARON, et al. v. COMMUNIST PARTY OF CHINA, et al.*
CASE NO. 9:20-cv-80604-RKA

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this January 27, 2025 using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list, including the following attorneys of record.

                        */s/ Matthew T. Moore*
                        Matthew T. Moore, Esq.

*Counsel for Plaintiffs*

Matthew T. Moore
mmoore@thebermanlawgroup.com

The Law Offices of
Berman & Berman, P.A.
P.O. Box 272789
Boca Raton, FL 33427
Telephone: (561) 826-5200
Fax: (561) 826-5201


*Counsel for PetroChina International (America), Inc.*

Pravin R. Patel
pravin.patel@weil.com
Daniel P. Guernsey
Daniel.Guernsey@weil.com


Weil Gotshal & Manges
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
305-577-3177
Fax: 374-7159